CASE 21—PETITION EQUITY—MAY 6.

## Shelby, &c., v. Harrison, Jr., &c.

APPEAL FROM HENDERSON CIRCUIT COURT.

1. WHEN THERE IS NO GUARDIAN OF A NON-RESIDENT MINOR IN THIS COMMONWEALTH, the county court of the county in this State having jurisdiction to appoint a guardian may, by its order, invest the guardian appointed and qualified according to the law of the place where the minor resides with as complete authority to sue and defend for his ward, as if he had been duly appointed and qualified in this State as guardian. And it seems that the foreign guardian has such authority even without such an order of the county court.

2. SALE OF INFANTS' REAL ESTATE.—In an action under section 490 of the Code for the sale of real estate owned jointly with an infant,

it is not necessary that the infant defendant be served with summons; the appearance and answer of his guardian is all that is required, and while in this case the proper record evidence of the appointment and qualification of the guardian was not filed until after the sale of the property, still the fact being established, the defect in the title of the purchasers, which might otherwise have existed, has been to that extent cured, and they have now no right to complain.

3. SAME.—It is not necessary to the validity of a sale made in pursuance of subsection 2, of section 490, of the Code, that before it is ordered by the court the guardian should execute the bond required by section 493.

TURNER & CUNNINGHAM FOR APPELLANTS.

1. Vested real estate of infants can be sold only under the provisions of title 10, chapter 14, Civil Code, and the proceedings must be in conformity thereto.

2. In a suit under subsection 2, of section 490, of the Civil Code, for the sale of the real estate of infants, it must not only be alleged but *proved* that the property can not be divided without greatly impairing its value.

3. A sale can not be had of the vested real estate of an infant where the purpose is simply to convert it into money.

4. As the infants were neither actually nor constructively served with process, and their father, who had never qualified as their guardian under the laws of Kentucky, had no right to enter their appearance, the sale of their real estate was void.

5. Section 16 of chapter 48, General Statutes, was never intended to confer upon a foreign guardian any power over real estate.

YEAMAN & LOCKETT, OF COUNSEL, ON SAME SIDE.

MONTGOMERY MERRITT FOR APPELLEES.

1. A foreign guardian may sue in this State for the sale of his ward's real estate situated here, or may enter his ward's appearance to an action brought for that purpose. (Bullitt's Code, section 35, subsection 4; Bell v. Clark, 2 Met., 574.)

2. In a proceeding under section 490.of the Code for the sale of the real estate of infants, it is not necessary that the infants should be made defendants, nor is bond from the guardian required. (Bacon v. Bills, &c., 6 Ky. Law Rep., 217; Kendall v. Briggs, 4 Ky. Law Rep.. 854; Burns, Guardian, &c., v. Ingersoll, &c., 6 Ky. Law Rep., 741; Kean v. Tilford, 5 Ky. Law Rep., 655.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Carter H. Harrison, Jr., and Caroline Harrison brought this action under subsection 2, section 490,

Civil Code, for the sale of certain tracts of land in Henderson county, a vested estate in which they owned jointly with William P. and Sophia Harrison, infants, residing in the State of Illinois, who, together with Carter H. Harrison, their guardian, and likewise a resident of that State, were made defendants.

In the answer filed by Carter H. Harrison, he stated, that, answering as the father and statutory guardian of the infant defendants, and entering their appearance, he adopted the petition of the plaintiffs and each allegation thereof. And subsequently, in an amended answer, he stated that by an order of the Henderson county court he was authorized to act as guardian for his wards as if he had been appointed in this State.

Appellants having become the purchasers of one of the tracts sold in pursuance of the judgment rendered in the action, prosecute this appeal from the order of court overruling their exceptions to the report of sale and confirming it.

The grounds of exception are:

1. That the infant defendants were not served with summons, and were not represented by a guardian *ad litem*, or statutory guardian.

2. That no bond was executed by their guardian before the judgment was rendered.

3. That the proof does not sustain the allegations of the petition.

It is substantially stated in the petition and answer that Carter H. Harrison, the father of the two infant defendants, was, under the laws of the State.

of Illinois, appointed and qualified as their guardian; and, although the proper record evidence of his appointment and qualification was not filed in this case until after the sale of the property to appellants, still the fact being established, the defect in their title, which might otherwise have existed, has been to that extent cured, and they have now no right to complain on that account.

Section 16, article 2, chapter 48, General Statutes, provides that where there is no guardian of a non-resident minor in this Commonwealth, his guardian appointed and qualified according to the law of the place where the minor resides, may be authorized by the county court of the county in this State having jurisdiction to appoint a guardian to sue for, recover and remove any personal estate of such minor, or otherwise to act as a guardian appointed here.

The Henderson county court clearly had the power under that section, and did by its order invest Carter H. Harrison with as complete authority to sue and defend in this action for his wards as if he had been duly appointed and qualified in this State as their guardian. Moreover, by subsection 4, section 35, of the present Civil Code, which was not in the former Code, it is expressly provided that the action of an infant who resides in a foreign country, and who has a guardian residing therein, may be brought by such guardian.

It was then not necessary for the infant defendants, William P. and Sophia Harrison, to be represented in this action by either a guardian *ad litem*, or statutory guardian appointed and qualified in this State.

By reference to section 489, it will be perceived that there is no provision therein for the sale by order of court of the estate of an infant in real property, except in an action brought against him either by a creditor or by his guardian, and hence it is necessary, in every such action, that the infant be brought before the court by service of summons, actual or constructive, and if the action be by his regular guardian, that a guardian *ad litem* defend for him.

But section 490 relates to the sale, by order of a court of equity, of only such real property as may be jointly owned by two or more persons, either of whom, it is expressly provided, may bring an action therefor, though the plaintiff or defendant be an infant. And as, under that section, the guardian may unquestionably bring an action for his ward, and, upon the conditions therein prescribed, obtain an order of court for a sale of the joint property, without making the ward a defendant, we see no reason why he may not as well in his answer adopt the statements of a petition already filed for the same purpose by another joint owner, and unite with him in asking for a sale.

Whether the infant be a plaintiff suing by his guardian, or be a defendant, no order of sale is authorized in an action brought under section 490, until it be shown to the satisfaction of the court, either that the share of each owner is worth less than one hundred dollars, or that the estate is in possession, and the property can not be divided without impairing its value or the value of the plaintiff's

interest. And it would seem that if either of these conditions be shown to exist, the defendant, though an infant, has no right to resist a sale of the property.

In our opinion, therefore, it is not indispensable that an infant defendant in such an action be served with summons, but the appearance and answer of his guardian is all that is required, or was intended by the Legislature.

It is not necessary to the validity of a sale made in pursuance of section 490, that before it is ordered by the court the guardian should execute the bond required by section 493. But it is provided in section 497, that in an action mentioned in subsection 2, section 490, the share of an infant shall not be paid by the purchaser, but remain a lien on the land, bearing interest until the infant become of age, or until the guardian execute the bond. And the judgment rendered in this case is in substantial compliance with that provision of the Code.

We think it satisfactorily appears that the lot purchased by appellants could not have been divided without materially impairing its value, and the court did not err in ordering a sale of it, or in overruling the exception for that reason.

Judgment affirmed.