CASE 16—PETITIONS EQUITY—OCTOBER 31.

# Malone v. Conn, &c.
# Aims, &c., v. Same.

APPEALS FROM LOUISVILLE CHANCERY COURT.

1. SALES OF INFANTS' REAL ESTATE.—Real estate in which infants own a remainder interest can be sold only for the purpose of reinvestment as provided by section 491 of the Civil Code. There can not be a sale of such property under section 490 of the Code. And the fact that the life tenant, as guardian for the infant remaindermen, asks a sale of the property, alleging that the owners are joint tenants and that the property can not be divided, does not vest the possession in the remaindermen so as to authorize the sale. Therefore, the purchaser at such a sale does not acquire such a title as a court of equity will require one who has purchased from him to accept.

2. DOWER AND CURTESY.—While dower is not an estate until assigned, an estate by the curtesy takes effect as a freehold estate immediately on the death of the wife.

BULLITT & SHEILD AND C. M. LINDSAY FOR APPELLANTS.

1. Specific performance should never be compelled, unless an undoubted, good and marketable title can be made. (2 Warvelle on Vendors, p. 760; Rawle on Covenants of Title, sec. 32; Jeffries v. Jeffries, 117 Mass., 184; Richmond v. Gray, 3 Allen, 523; Griffin v. Cunningham, 19 Grat. (Va.), 571; Morgan v. Morgan, 2 Wheaton, 290; Gill v. Wells, 59 Mo., 492; Kelly v. Bradford, 3 Bibb, 317; Lyon v. Swayne, 67 Pa. St., 439; Pratt v. Eby, 67 Pa. St., 404.)

2. Courts of equity have no inherent jurisdiction to sell property of persons under disability, but must look solely to the statute for jurisdiction. (Henning v. Harrison, 13 Bush, 723; Smyser v. Walker, 79 Ky., 581; Civil Code, secs. 490, 491.)

3. Dower and curtesy are entirely different estates, and dower does not constitute an estate in land until assigned. · (2 Minor's Institutes, 157; Scribner on Dower, vol. 2, 27; Powers v. Powers, 12 Ky. Law Rep., 723.)

4. A trustee or person occupying a fiduciary relation will not be permitted to traffic in the trust estate for his own benefit. (Faucett v. Faucett, 1 Bush, 544; Mitchell v. Moore, 7 Bush, 660; Covington & Lexington R. Co. v. Bowser, 9 Bush, 492, 508; Perry on Trusts, sec. 197; Clements v. Ramsey, 7 Ky. Law Rep., 445; Rogers v. Burbridge, 7 Ky. Law Rep., 48.)

JOHN S. JACKMAN FOR APPELLEES.

1. The Law and Equity Court had jurisdiction to order the sale. (Civil Code, sec. 490; Power v. Power, 12 Ky. Law Rep., 793; Kean v. Tilford, 81 Ky., 605; Henning v. Barringer, 10 Ky. Law Rep., 674.)

2. The confirmation of the sale passes a good title, unless some secret fraud has been practiced upon the court, and only those are affected who have notice. (Clements v. Ramsey, 9 Ky. Law Rep., 174.)

3. The policy of the courts in this State has always been to uphold judicial sales whenever it can be consistently done, and where there is a doubt it is generally solved in favor of the validity of such sales.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

These cases involve the same question and are considered together.

These were actions below to enforce the execution of contracts for the sale of realty by which the vendors bound themselves to make a good title. The defense is, a want of title in the vendor, or such a title as the purchaser should not be required to accept.

Mrs. Winstanly owned this land in fee, and dying, the land descended to her four children—two of whom are now infants. Her husband, the father of these children, became tenant by the curtesy. He held, therefore, an estate for life with remainder to the children.

Winstanly qualified as guardian of the children, and filed an action in the Law and Equity Court of the City of Louisville, asking to have the realty sold, alleging that the owners had a vested estate in possession, were joint tenants, and the property could not be divided, &c., filing the evidences of title. There was no effort to have the estate or its proceeds reinvested, or a bond executed for that purpose, as provided by section 491 of the Code, but the parties proceeded to sell under section 490, upon the idea the remaindermen were in the possession and were holding as joint tenants. There was no surrender of the

life estate by which that interest was merged in the remainder; on the contrary, the value of the life estate was deducted from the purchase price. The father and guardian became the purchaser, and, it is manifest, held by his purchase as trustee for his children, but whether subsequent purchasers would be affected with notice by reason of the judicial proceedings, presents a very different question, as the chancellor might authorize or sanction the purchase by the guardian when for the benefit of his wards.

In this case the life tenant is proceeding against the remaindermen, and the chancellor derives his power to sell the estate of these infants from the statute. Its provisions must be substantially followed. Section 491 provides the manner in which a reversion or remainder interest may be sold belonging to infants. The owner of the particular estate may institute the proceedings against those in remainder, or the remaindermen against the life tenant, but the proceeds must be held for investment in other real estate. This is, therefore, not a proceeding under section 491. Section 490 provides that a vested estate in realty jointly owned may be sold by order of a court of equity if the share of each owner be worth less than one hundred dollars; and secondly, if the estate be in possession and can not be divided without materially impairing its value or the value of the plaintiff's interest therein. This statute applies only to estates in possession by those holding jointly, and can not be held to apply in cases where the possession is with the particular estate, or the estate for life. Nor will the court construe the statute as permitting the life tenant to surrender the possession and vesting it in the remaindermen by merely asking that

his life estate be sold, for if this can be done, there is no necessity for section 491, as in every instance where parties when the owner of the particular estate saw proper, or the guardians of the infants, a petition could be filed and the land sold under section 490 without making any investment for the infants out of the proceeds.

Section 491 was evidently enacted to protect infant remaindermen, and section 490 to give relief to joint tenants in *possession* where the land can not be divided without materially injuring the parties in interest. This court has placed a liberal construction on these statutes, with a view of upholding sales where purchases had been made in good faith and the interest of infants benefited by a sale under them, but to permit the life tenant to proceed, as in this case, would be to disregard the plain letter and meaning of the two sections.

The case of Power v. Power, 12 Ky. Law Rep., 793, was not a construction of this section, the court holding only that the widow acquired the title by virtue of the assignment and not before. The title vests in such a case in the heirs, subject to the widow's right of dower, and there the title remains until dower is assigned. Says Mr. Minor in his Institutes: "There is a radical difference between a right of dower and an estate by the curtesy. The latter takes effect as a freehold estate immediately on the death of the wife; on the other hand, dower is not in any sense an estate until assigned." (2 Minor's Institutes, 157.) This is the common law rule, the widow not being vested with the title or the power. She has no legal seisin or right of entry until dower is assigned. (Scribner on Dower, vol. 2, 27.) Whether or not this right of entry is affected by our statute is not necessary to determine,

The First Nat'l Bank of Covington v. The D. Kiefer Milling Co.

as it is plain the vested interest in remainder without the possession did not authorize the sale under section 490.

In the case of Kean v. Tilford, 81 Ky., 600, where the parties held as tenants in common, their several interests being different, this court held that as the parties before the court all owned the realty, the mere fact of one interest being greater than another, did not prevent the sale under the statute. There may not be a unity or equality of interest, but where the parties, plaintiffs and defendants, all own the estate and are in the possession, the fact that one of the essentials required to create a joint tenancy at the common law is absent, will not preclude a sale under the statute. It follows that the title exhibited is not such as the chancellor should require the appellees to accept.

Reversed and remanded for proceedings consistent with this opinion.