CASE 76—ACTION BY ANN E. BENT AND OTHERS AGAINST CORA P. DAVIS AND OTHERS FOR SALE OF LOT AND DIVISION OF PROCEEDS AT WHICH SALE CHARLES L. HUGHES BECOMES PURCHASER — JUNE 20.

## Hughes v. Bent and Others.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION NO. 1—
SHACKELFORD MILLER, JUDGE.

FROM AN ORDER CONFIRMING SALE.  HUGHES APPEALS.  AFFIRMED.

WILLS—CONSTRUCTION—ESTATES CREATED—INTEREST OF DEVISEES—
TRUST ESTATES—TIME OF VESTING—JUDICIAL SALES—INTERESTS
SUBJECT TO SALE.

1. A will made specific bequests to testatrix's daughter and grandchildren, and further provided that the remainder of her prperty should go "as a sacred trust to my daughter . . .

know[ing] that she will faithfully carry out my wishes regarding it." A separate paper, over the signature of testatrix, written at the time of the writing of the will, provided that the daughter should keep up certain pews in a church, give $100 yearly to a charitable home, support her father, care for an old servant, and educate testatrix's grandchildren, and further provided that at the death of her father the principal should be put in trust for the grandchildren. HELD, that exclusive of the specific bequests to testatrix's daughter in her own right, the will devised all the estate to the daughter in trust for the grandchildren, subject to the charges mentioned, and the fact that such charges might consume the property did not alter the character of the title, or obstruct the course of its transmission.

2. A will provided, "The remainder of everything that I possess I leave as a sacred trust to my daughter know[ing] that she will faithfully carry out my wishes regarding it." A separate paper, over the signature of the testatrix, contained the provisions of the trust, and, being identified, left no doubt as to who the beneficiaries were, or what their interests in the estate devised were. HELD, that the paper should be treated as a part of the will and looked to in construing that instrument.

3. One who undertakes to discharge the duties of trustee, imposed upon her by will, can not be heard to deny the trust.

4. A will made specific bequests to testatrix's daughter, and provided that "all the remainder" of everything that testatrix possessed should go to the daughter, as a "sacred trust;" and a separate paper, identified so as to be construed as a part of the will, contained the provisions of the trust, which, subject to certain annual charges, made testatrix's grandchildren the beneficiaries. HELD, that the interest of the grandchildren was not a remainder, but a fee simple, even if only an equitable fee, and vested as an interest in possession immediately on the death of the testatrix, subject to the designated annual charges.

5. The fact that a trustee is given authority under a will to sell trust property and reinvest the proceeds as her judgment may dictate, without the aid or supervision of a court of equity, does not destroy the trust, though it relieves the purchaser of such property of the necessity of looking to the reinvestment of the proceeds.

6. Where a will devised certain property to testatrix's daughter in trust for testatrix's grandchildren, the daughter being given no interest in the property, but a vested interest in possession being given to the grandchildren, the grandchildren were in possession of the property, within the meaning of Civil Code of Practice, sec. 490, subsec. 2, providing for the sale by a court

of equity of an estate "in possession" which can not be divided without materially impairing its value.

C. M. LINDSAY AND W. W. & J. R. WATTS, ATTORNEYS FOR APPELLANT.

Our contention in this case is that under the terms of the will of Mrs. Johnson the interest in the land in controversy is not in the possession of Mrs. Wooldridge's children in the sense that it can be sold under the provisions of the Civil Code and the title pass, until the death of the testatrix's husband.

The will directs that at the death of Col. Johnson (who was the husband of testatrix) the property shall be "put in trust" for Mrs. Wooldridge's children, that is, to a trustee to be appointed for them, and we contend that there is nothing in this direction which enlarges Mrs. Wooldridge's estate as trustee beyond an estate for the life of Col. Johnson.

Nor can her estate be enlarged into the fee by the provision that she may "sell and reinvest," for such power is confined to the term of her trusteeship, and it has been held that an estate limited for less than the fee will not be enlarged into a fee by a power to dispose of the fee. Such power remains coupled with the trust, but does not operate to enlarge the trust estate. Coates v. L. & N. R. R. Co., 92 Ky., 263; Duncan v. Hall, 23 Ky. Law Rep., 1615; Caldwell v. Caldwell, 7 Bush, 515; 1 Underhill on Wills, 153.

ALEX. G. BARRET, EDWARD L. McDONALD, JOHN W. BARR, JR., COUNSEL FOR APPELLEES.

## PROPOSITIONS AND AUTHORITIES.

1. The interest of Mrs. Wooldridge's children is a constructive trust, not enforceable against appellant. (1) Under the residuary clause of Mrs. Johnson's will Mrs. Wooldridge takes an absolute legal title in fee simple to the property in question. Ky. Stat., sec. 4828, sec. 2342; Cases collected in Barbour's Digest, vol. 2, 1518, vol. 4, 1280; 2 Pomeroy Eq. Juris., sec. 1034; Franck v. Franck, 24 Ky. Law Rep., 1790. (2) The parole trust creates no estate in Mrs. Wooldridge's children, but only constitutes evidence, upon which, coupled with proof of Mrs. Wooldridge's knowledge thereof, a court of equity will afford the children a remedy against her and against any purchaser from her with notice. It would be enforced as a constructive, not as an express, trust. Ky. Stat., sec. 2342, sec. 4828; 1 Underhill on Wills, 153; 2 Pomeroy Eq. Juris., secs. 1044, 1054 and note; Perry on

Trusts, sec. 166; McCormick v. Grogan, L. R. 4 H. L., 82 (quoted
in 1 Pomeroy Eq. Juris., sec. 431); Hoge v. Hoge, 1 Watts (Pa.),
163 (26 Am. R., 52); Webb v. Webb, 7 Mon., 626. (3) The pur-
chaser at this sale is not in the attitude of a purchaser from
Mrs. Wooldridge with notice, because he bought at a sale pro-
cured by her co-tenants in exercise of a legal right existing in
them before the creation of the secret trusts. Farmers & Drov-
ers' Bank v. Sherley, 12 Bush, 304. (4) Equity can fully pro-
tect the children by impressing a trust upon Mrs. Wooldridge's
share of the proceeds.

2. Dineen v. Hall, 23 Ky. Law Rep., 1615, has no application
to this case. (1) Because the interest of the infants here is not
in remainder, but a vested fee in possession. Bowling v. Dobyns,
5 Dana, 438-40. (2) Because the interest of the infants is an
equitable, not a legal interest. Kean v. Tilford, 81 Ky., 600;
Gray v. Cornwall, 95 Ky., 566. (3) Because the interest of the
infants, even if a remainder, was created by act of one of the
parties, and not by act of the law, as in Dineen v. Hall, Kean
v. Tilford, 81 Ky., 600, 603.

3. Decisions denying the jurisdiction to sell under section 490,
subsec. 2, ought not to be extended. Ky. Stat., sec. 2348; Civil
Code, sec. 499; Freeman on Partition, secs. 424, 433; Turner v.
Morgan, 8 Ves., 143; Coleman v. Hutchenson, 3 Bibb, 209.

OPINION OF THE COURT BY JUDGE SETTLE—AFFIRMING.

This is an appeal by the purchaser at a judicial sale from
an order overruling his exceptions and confirming the re-
port of sale. The action is under section 490, subsec. 2, Civil
Code of Practice, and was brought by some of the joint own-
ers against the others to obtain a decree for the sale of lot
236 on Fourth street, in the city of Louisville, and a division
of the proceeds, because the property could not be divided
without materially impairing its value. The property had
formerly been held in trust for Mrs. Fannie S. Bailey, and
at her death descended to her four living sisters and the de-
scendants of her deceased brother and sister; they becoming
invested, as tenants in common, in fee, with the entire legal
and equitable title. Mrs. Mary L. Johnson was one of the
living sisters of Mrs. Bailey, who after her death became

the owner of an undivided one-sixth part of the property in fee simple.  After thus acquiring the interest in the real estate by the death of her sister, Mrs. Bailey, Mrs. Johnson herself died testate.  Her will, which was duly admitted to probate by the Jefferson county court, is as follows:

"Louisville, Ky., January 26, 1898.  I. Mary Lawrence Johnson, do make this my last will and testament, revoking all others.  In view of the fact that my daughter, Mary C. Wooldridge, will inherit a large estate left me by my father and mother, I bequeath to her the small sum of five hundred dollars.

"I make this explanation in the beginning, that my will may not be considered unjust or peculiar.  I leave to my daughter, Mary C. Wooldridge, my carriage and horses, and the entire contents of my house during her life.  At her death to be divided equally between my grandchildren.  To each one of my four grandchildren, Powhatan Johnson Wooldridge, Annie May Wooldridge, Mary Tyler Wooldridge and Charles F. Johnson Wooldridge, I give and bequeath thirty shares of stock in the Columbia Finance and Trust Company.  At the death of any one of the four (being unmarried) his or her shares to go to the surviving brothers and sisters.  The remainder of everything that I possess I leave as a sacred trust to my daughter, Mary C. Wooldridge, knowing that she will faithfully carry out my wishes regarding it.  I desire that no inventory be taken of my effects."

By a short writing on the same paper with the will, but appearing below the signature of the testatrix to that instrument, the daughter, Mrs. Wooldridge, was appointed executrix of the will.  This writing was also signed by the testatrix.  Below this writing, and also on the same paper is another, signed by the husband, in which he approved the

provisions of the will, and consented to the making thereof by the wife.

The "sacred trust," referred to in the will is contained in a separate paper, over the signature of the testatrix, written at the time of the writing of the will, and is as follows:

"I want Chamie [Mrs. Wooldridge] to keep two pews in Christ church as long as her father shall live, just as I have done, and I want one of them kept in his name. I want her to give $100.00 yearly to the Home of the Innocents in her father's name, as long as he lives; I want her to use for her father's personal support such part of the income from what I leave as in her judgment shall seem fit, but she to be the sole judge of how much, or how little, or whether any, shall be applied in this way. I want her to care for my old servant, Emma Wright, when she shall become unfit for work, either from age or infirmities. The balance of the income I want her to use for the education of my four grandchildren. At the death of her father, I want the principal put in trust for my four grandchildren. Chamie may sell and invest any part of my estate as she shall see fit."

The real estate in question is a part of that disposed of by the residuary clause of the will, and it is insisted for the purchaser that the "sacred trust" mentioned by the will is a secret, yet enforceable, trust, and that such part of the income during the life of Charles F. Johnson as is not exhausted by the charges for pew rents, Home of the Innocents, support of Charles F. Johnson and Emma Wright, and education of the four grandchildren, is not disposed of, and as to such surplus income there is a resulting trust in favor of the heir at law, Mary C. Wooldridge, during her father's life; that, by the direction of the sacred trust to put the whole in trust for the four grandchildren at Charles F. Johnson's death, they are given an estate in remainder, and that this

estate in remainder of the infants is not an estate in possession; therefore the court, under the decision in Dineen v. Hall, 65 S. W., 445, 66 S. W., 392, 23 Ky. Law Rep., 1615, has no jurisdiction to sell the property under the section of the Code, supra.

Our construction of the will is that, exclusive of the specific bequests to Mrs. Wooldridge in her own right, it devises all of the estate of the testatrix to Mrs. Wooldridge in trust for the four grandchildren, subject to a charge for the payment of the annual contribution to the Home of the Innocents, the pew rent, the support of Charles F. Johnson and Emma Wright, and the education of the grandchildren. The fact that the charges upon the property may consume it all can not alter the character of the title, or obstruct its regular transmission according to the expressed intention of the testatrix. In Bowling's Heirs v. Dobyns, Admr., 5 Dana, 441, it is said in an opinion by Judge Ewing: "Whether a devise is made to an executor for the payment of debts, or a power to sell for that purpose, or a charge is otherwise imposed on the estate for that object, or other special object, it has been construed as a charge, merely, and not as an impediment to the devise or descent of the fee or freehold."

The fact that the will itself declares that the property referred to therein as the "remainder of everything I possess" was left to Mrs. Wooldridge as a sacred trust shows that there was an agreement or understanding between her and her mother as to the nature and scope of the trust; and the identification of the separate paper containing the provision of the trust leaves no doubt as to the identity of the beneficiaries, or of their interest in the estate devised, and makes it proper to treat the paper as a part of the will, and to seek its aid in construing that instrument.

After undertaking to discharge the duties required of her

by the will as trustee, we do not think Mrs. Wooldridge can be heard to deny the trust.

We do not regard Dineen v. Hall, supra, as authority in point. In that case it was held that it was not proper to decree the sale of real estate under section 490, subsection 2, Civil Code, in which a father owned a life estate as tenant by the curtesy, and his infant child the remainder, as they were not joint owners of the property, in the meaning of the section of the Code, supra; the possession being in the father for life, to the exclusion of the infant during that period. To the same effect is the opinion in Malone, etc., v. Conn, etc., 95 Ky., 93, 19 R., 421, 23 S. W., 677.

In the case at bar the interest of the infants is not an interest in remainder, but a fee simple, with the legal title, it is true, in the trustee, their mother, subject to certain charges put upon the property by the provisions of the will.

The language of the will clearly indicates that Mrs. Wooldridge is to take no beneficial interest in any part of her mother's estate, except the $500 and articles of personal property therein specifically bequeathed to her. "All the remainder" of everything the testatrix possessed went to Mrs. Wooldridge under the provision of the will creating the trust. So, even if the interest taken by the grandchildren is, as argued by one of the counsel, only an equitable fee simple, it vested immediately upon the death of the testatrix, subject to the charges upon the estate named in the will, and, in any event, was and is a vested interest in possession.

The fact that the trustee has, in this case, authority under the will to sell the trust property and reinvest the proceeds as her judgment may dictate, even without the aid or supervision of a court of equity, does not destroy the trust, though it will relieve the purchaser of such property of looking to the reinvestment of the proceeds. The possession of

Hughes v. Bent and Others.

the trustee is that of the *cestuis que trust*.   There can there-fore, be no doubt that the infants were, in the meaning of subsection 2 of section 490 of the Code, in possession of the real estate purchased by appellant, equally with their co-tenants, at the time of the sale.

We are of opinion that jurisdiction to sell for indivisibil-ity exists in this case, and that appellant can not be dis-turbed in his possession.   It follows, therefore, that the chan-cellor properly overruled his exceptions and confirmed the report of sale.   Wherefore the judgment is affirmed.