## Hartman v. Fast, et al.

(Decided November 17, 1911.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

Infants Over Fourteen—Process—Statutory Guardian—Entry of Appearance By.—In an action brought pursuant to section 489, Civil Code to sell the real estate of an infant to pay the debts of his devisor, personal service of process on the infant, if over fourteen years of age, is necessrary, and if not so served, his statutory guardian cannot enter his appearance.

WM. B. THOMAS for appellant.

PRYOR & CASTLEMAN, D. R. CASTLEMAN and WALSH & WALSH for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

The Louisville Trust Company, as administrator with the will annexed of Emma Fast, brought this action for the purpose of selling certain real estate belonging to her at the time of her death, in order to pay her debts. It was charged that the property was indivisible, and that the personal estate belonging to decedent was not sufficient to pay her debts. The testatrix's children, who are the beneficiaries under her will, were made parties to the action, and process was duly served upon them. The Mehler & Eckstenkemper Lumber Company, which was made a party defendant, filed an answer and cross petition, setting up a mortgage lien upon the property in question, and asking a sale thereof to satisfy its claim. The infant defendants and beneficiaries under the will of Emma Fast, some of whom were under and some over, fourteen years of age, were made parties defendant to the cross petition, but process on the cross petition was not served on them. The Louisville Trust Company, which had been duly appointed statutory guardian of the infant children, entered their, and its own appearance to the action, and filed a reply to the effect that it had no defense to the action, either in its own behalf or that of the infants; and joined in the prayer of the cross petition. The case was submitted and judgment entered, not upon the original petition, which might have been done, but upon the cross petition of the Mehler & Eckstenkemper Lumber Company.

The property was sold and appellant, Frank Hartman, became the purchaser. Appellant excepted to the commissioner's report of sale on the ground that Louis Fast and August Fast, who were each over fourteen years of age, and upon whom no process was served on the cross petition, were not before the court. The exception was overruled and the sale confirmed. From that judgment the purchaser appeals.

The sole question presented is: Has the statutory guardian of infants over fourteen years of age, upon whom no process has been served, the right to enter their appearance by filing an answer for them in an action brought pursuant to Section 489, Civil Code, to enforce a mortgage lien on their real estate for the debt of their devisor.

It is conceded that the statutory guardian has such power in actions brought pursuant to section 490 of the Civil Code. Shelby, etc., v. Harrison, Jr., etc., 84 Ky., 144; Bell v. Smith, etc., 24 Ky. Law Rep. 1328. In the case of Shelby, etc., v. Harrison, Jr., etc., supra, the court, in discussing the question, used the following language:

"By reference to section 489, it will be perceived that there is no provision therein for the sale by order of court of the estate of an infant in real property, except in an action brought against him either by a creditor or by his guardian, and hence it is necessary, in every such action, that the infant be brought before the court by service of summons, actual or constructive, and if the action be by his regular guardian, that a guardian ad litem defend for him.

"But section 490 relates to the sale, by order of a court of equity, of only such real property as may be jointly owned by two or more persons, either of whom, it is expressly provided, may bring an action therefor, though the plaintiff or defendant be an infant. And as, under that section, the guardian may unquestionably bring an action for his ward, and, upon the conditions therein prescribed, obtain an order of court for the sale of the joint property, without making the ward a defendant, we see no reason why he may not as well in his answer adopt the statements of a petition already filed for the same purpose by another joint owner, and unite with him in asking for a sale."

In the case of Bell v. Smith, supra, the infant under

fourteen years of age was served personally with process. The court said:

"While the summons was not served on the infant's statutory guardian, that guardian appeared, answered for him and joined in the prayer of the petitioner for a sale of the property. All that a summons could have accomplished had it been served upon the statutory guardian, was accomplished when she appeared and answered for the infants; she and her wards were before the court. The appearance of the infants, under the circumstances stated, made the judgment conclusive on their rights. (Citing cases.)"

In the manner of serving process, as well as in other respects, the law makes a distinction between infants under fourteen years of age, and those over fourteen years of age. Thus, section 48 of the Civil Code provides: "Unless otherwise provided, the summons shall be served by delivering, or if acceptance be refused, by offering to deliver a copy of it to the person to be summoned." As the only exception to this section, so far as infants are concerned, is section 52, which provides how service shall be had upon infants under fourteen years of age, it follows that infants fourteen years of age and over must be served in the same manner as adults. An infant, after reaching fourteen years of age, may, under certain circumstances, nominate and select his own guardian. (Kentucky Statutes, section 2022.) There must be some reason for the distinction made between infants over, and those under, fourteen years of age. That distinction is based on the fact that infants under fourteen years of age are absolutely dependent, and service of process must be had upon some one who will represent and look after the interest of the infants; whereas, infants over fourteen years of age are regarded as having reached a certain stage of discretion, and from that time until they reach their majority are able to act, to a certain extent, upon their own judgment and to take steps to protect their own rights. In order that they may take steps for their own protection the Code provides that process shall be served upon them personally. In this way notice of the pendency of an action will be brought to their attention, and they may act accordingly. If, however, the infant's statutory guardian may answer and enter his appearance, then the service of process upon an infant over fourteen years of age would never be necessary. While the court's observations in the case of

Shelby v. Harrison, supra, were not necessary to the decision of the question there involved, we are of the opinion that the distinction there pointed out between cases arising under section 489 and 490 is well founded, and that in cases arising under section 489 the appearance of an infant over fourteen years of age, who has not been served with process, cannot be entered by the answer of his statutory guardian. We, therefore, conclude that the judgment of sale is erroneous, and appellant's exception thereto should have been sustained.

Judgment reversed and cause remanded for proceedings consistent with this opinion.