## Moore v. Potter-Matlock Trust Company.

(Decided December 8, 1915.)

### Appeal from Warren Circuit Court.

1.  Infants—Sale of Infants' Real Estate—Section 490, Sub-section 2, Civil Code.—Where a testator devised his land to his wife in trust for the testator's family until his youngest child should become of age, with the proviso, however, that when the eldest child should become of age his estate might be divided, and it appeared, in an action brought under sub-section 2 of section 490 of the Civil Code of Practice, after the eldest child had become of age, that the testator's land could not be divided without materially impairing its value, the court had jurisdiction to sell the land for a division of the proceeds.

2.  Judicial Sales—Notice—Publication.—A judgment in a judicial sale which recited that the parties to the suit, including the guardian ad litem, waived advertisement in the newspaper, it satisfied section 14a, sub-section 1, of the Kentucky Statutes (Act of March 24, 1902), which provides, in part, that a notice of a judicial sale shall be published in a newspaper unless otherwise agreed upon by the parties to the judgment.

3.  Infants—Sale of Infants' Real Estate—Ward Not Necessary Party. —In an action by a statutory guardian, under section 490 of the Civil Code, for the sale of the ward's real estate, owned jointly with another, it is not necessary that the ward should be a party; the action may be brought by the guardian for and on behalf of the infant.

4.  Infants—Sale of Infants' Real Estate—Section 490, Sub-section 2, Civil Code.—Land owned jointly by several infants under a will which provided that the land should be held in trust until the youngest child became of age, but that it might be divided when the eldest child became of age, and said land could not be divided without materially impairing its value, it could be sold under section 490 of the Civil Code of Practice for a division of the proceeds, after the eldest child became of age, in an action

brought by the guardian of the remaining infants, against the eldest child after he had become of age.

BRADBURN & BASHAM for appellant.

JOHN B. GRIDER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Affirming.

In 1906, Robert E. Kirby, of Warren county, died testate, leaving a widow and seven children, Paul, John T., Thadeus, Harold, Byron and Robert E., and Rachel Kirby, surviving him. At the time of his death he was the owner of a farm of 195 acres.

By the first clause of his will the testator directed his estate to be disposed of according to the statutes of Kentucky; and, by the second clause, he appointed his wife, Ida B. Kirby, sole executrix of the will, without bond. The third and fourth clauses of the will read as follows:

"3. I desire that my wife, Ida B. Kirby, hold my estate in trust and have absolute control of same until the youngest child becomes of age subject to the following provisions:

"4. When the eldest child becomes of age my estate may be divided, the eldest to have control of his part of the estate, and he or she is hereby forbidden to sell or convey their said part or do anywise with the same so that they may damage the rest of the estate; this above provision applies to each of my children as they become of age."

The remaining clauses are unimportant in this discussion.

The appellee, the Potter-Matlock Trust Company, qualified as statutory guardian of the six younger children, who were minors.

In August, 1914, the Potter-Matlock Trust Company, suing as guardian of John T., Thadeus, Harold, Byron, and Robert E. Kirby, all of whom were infants, and the said five infants by their statutory guardian, the Potter-Matlock Trust Company, brought this action under subsection 2 of section 490 of the Civil Code, against Paul Kirby, the eldest of the children, and an adult, and Rachel, an infant, to sell the farm and divide the proceeds between the seven children, the petition alleging

that the land could not be divided without materially impairing its value.

Section 490 of the Civil Code reads as follows:

"A vested estate in real property jointly owned by two or more persons may be sold by order of a court of equity, in an action brought by either of them, though the plaintiff or defendant be of unsound mind or an infant—

"1. If the share of each owner be worth less than one hundred dollars.

"2. If the estate be in possession and the property cannot be divided without materially impairing its value, or the value of the plaintiff's interest therein."

Rachel Kirby was also a minor, and, as above stated, the Potter-Matlock Trust Company was her statutory guardian. The widow, Ida B. Kirby, died before the suit was filed.

Upon proof taken showing the indivisibility of the land, the prayer of the petition was granted; and, at the commissioner's sale the appellant, H. E. Moore, became the purchaser, at the price of $7,550.00. He excepted to the sale, and asked that it be set aside, for the following reasons: (1) because, as he contends, the will forbids a sale until the youngest child is twenty-one years of age; (2) because the newspaper advertisement of sale did not satisfy section 14a of the Kentucky Statutes; and (3) because Rachel, the infant daughter, was not before the court.

1. Assuming that the will forbids a sale at this time because the youngest child is under twenty-one years of age, appellees insist that the prohibition found in sub-section 1 of section 492 of the Code of Practice against a sale of land under sub-sections 3, 4, and 5 of section 489, or under section 491, if a sale be forbidden by the deed, will, or contract under which the property is held, has no application to a sale under section 490, of real estate jointly owned; and, in support of that position appellees cite Kean v. Tilford, 81 Ky., 604; Warfield v. English, 11 Ky. L. R., 263, 11 S. W., 662; and Houser v. Paducah Land Co., 157 Ky., 256.

While it is true there are some expressions to be found in the opinions in those cases that might, upon a hasty reading, be construed to so hold, a careful study of those opinions in connection with the several sections of the code above referred to will show that, although

the prohibition contained in section 492, *supra,* does not, in terms, refer to sales under section 490, neither section 492, nor any other section of the code, permits a sale of infants' land under section 490, where a sale is forbidden by the will or deed under which it is held. That a testator can so limit his devise is well settled.

This question was considered with some care in Young v. Young, 20 Ky. Law Rep., 1741, 49 S. W., 1074. In that case the testator devised land to his son Silas, in trust, for the benefit of his wife and children during the life of Silas, with remainder to those who would inherit from Silas if his title were one in fee, but expressly prohibiting the alienation of any part of the land until the youngest child of Silas should reach his majority. Silas died and left several children, two of whom were minors.

The adult children having brought an action under sub-section 2 of section 490 of the Code of Practice, to sell the land and divide the proceeds of sale, the only question presented for decision upon the appeal was, whether section 490, *supra,* authorized the court to disregard the provision of the deed which prohibited alienation during the minority of the youngest child.

After holding, upon the authority of Stewart v. Brady, 3 Bush, 623, that a limitation in a devise was not inconsistent with the fee, and was, therefore, valid, although the limitation was only against the devisees' own voluntary act of alienation, the court said:

"Counsel for appellant insists that the cases of Kean v. Tilford, &c., 81 Ky., 600, and Warfield, &c., v. English, &c.; 11 Ky. Law Rep., 264, authorized the court in this case to render judgment ordering a sale of the property. In Kean v. Tilford, &c., it appeared that one of three joint owners of property died, and in making a disposition of his interest by will prohibited the sale of it until a certain time, and the court held that provision in the will of the joint owner could not prevent the other joint owners or their representatives from obtaining an order for the sale of the property. In Warfield, &c., v. English, &c, the court reached the conclusion that there was no limitation upon the rights of the devisees to dispose of their interest in the property, but that the will merely directed the executor to sell at a particular time.

"The doctrine of these cases is not applicable to the question involved in this case. The deed under which the property is held expressly forbids that it shall be alienated or encumbered before the youngest child arrives at the age of twenty-one. Those who seek to have the land sold acquired their rights in it with the limitation annexed thereto.

"If the position of counsel be correct, then a testator or a donor, when a number are vested jointly with a title to the property, could not place any limitation upon the right to alienate or encumber the estate for a given period, if it could not be divided without materially affecting its value. If a testator or a party who gives away his property by deed can provide that a devisee or donee shall not sell it until he arrives at a certain age, certainly a testator or donor can provide that the property devised or deeded shall not be alienated or encumbered until some one else arrives at a certain age who is equally interested in the property. Any other view of it would limit the right of a testator or donor to annex a limitation only where there was a single devisee or grantee."

The opinion further pointed out the marked difference between a case like Young v. Young, where the prohibition lay upon all the joint owners, and a case where only one of the joint owners was prohibited from selling his interest, as in Kean v. Tilford, *supra*. In the last named class of cases, the prohibition does not affect the rights of those joint owners whose interests are in no wise affected by the instrument which limited the power of sale of the other joint owners; but the prohibition is effective in cases like Young v. Young, where it goes against all the joint owners.

Bearing this distinction in mind, the statement in Kean v. Tilford, 81 Ky., 604, to the effect that the prohibition contained in sub-section 1 of section 492, had reference only to sales of infants' real estate upon the petition of the guardian, and was not intended to apply to sales of real estate held jointly when the property so held cannot be divided without materially impairing its value, is, when, applied to the facts of that case, not in conflict with the views expressed in Young v. Young.

It follows, therefore, that while the prohibition in section 492 does not, in terms, apply to sales under section 490, a sale under the last named section cannot be made if it be prohibited to all the joint owners by the will or deed under which they hold their title.

But does the will in this case forbid a sale before the youngest child becomes twenty-one years of age? We do not think it bears that construction.

On the contrary, the fourth clause of the will, above quoted, expressly permits a division of the estate when the eldest child becomes of age; and, if the division cannot be made without materially impairing the value of the several interests therein, then the owners may avail themselves of the alternative right provided by section 490 of the code, and have a sale for a division of the proceeds.

If that could not be done in this case, as the children became of age they could not obtain their rights under the will without a loss; and to prevent that result the statute becomes operative and authorizes a sale in lieu of a partition.

Being minors, the children cannot obtain possession of their respective shares until they reach their majority. But the evident purpose of the testator was that each child should obtain possession of his share upon reaching his majority, and the only way that can be accomplished, without injury to the children, is by a sale of the farm as a whole and a division of the proceeds.

2. Section 14a, sub-section 1, of the Kentucky Statutes, being the act of March 24th, 1902, provides, in part, as follows:

"That in addition to the notices now required by law to be posted all public sales of any kind of property, when sold under execution, judgment or decree, shall, unless otherwise agreed upon by the parties to such execution, judgment or decree, be advertised in some newspaper published in the county of such sale, if any newspaper be therein published, at least once a week for three consecutive weeks next preceding the day of sale."

The judgment directed the commissioner to advertise the sale by written or printed notices posted at least ten days before the day of sale, one at the court house door in Bowling Green, Ky., one in some conspicuous place on or near the property to be sold, and at least in two or more public places in the county, in the vicinity of the land; and the judgment expressly recites that, "the parties to this suit, including the *guardian ad litem,* waive advertisement in the newspaper."

The statute above quoted permits infants by their guardians to waive the newspaper advertisements as well as adults. Finney v. Finney, 144 Ky., 118. The recital in the judgment that the parties waived the newspaper advertisement, satisfied the statute.

3. The adult defendant, Paul Kirby, was properly before the court by warning order, but no summons was taken against the other defendant, Rachel Kirby, the daughter of Robert E. Kirby, and she did not answer by guardian or otherwise. But the plaintiff, the Potter-Matlock Trust Company, was her guardian, and had the right to represent her as though she were a plaintiff.

In Howard v. Singleton, 94 Ky., 336, it was held that in an action by a statutory guardian, under section 490 of the Civil Code, for the sale of his ward's real estate, owned jointly with another, it was not necessary that the ward should be a party, because, in such cases, the guardian represents the infant. Consequently, where he is unnecessarily made a defendant it is not necessary that he should be served with process. See also Shelby v. Harrison, 84 Ky., 148; Power v. Power, 12 Ky. L. R., 793, 15 S. W., 523; Smith v. Leavell, 16 Ky. L. R., 609, 29 S. W., 319; Ellis v. Smith, 147 Ky., 99; Scott v. Graves, 153 Ky., 321.

It follows, therefore, that the defendant, Rachel, was bound by the judgment.

4. It has been suggested, however, that since under the fourth clause of the will, Paul Kirby only had the right to a division of the estate at the time the suit was brought, he alone could have brought the suit for a sale, and that the minor children could not do so.

But section 490 of the Code, *supra,* expressly provides that a vested joint estate may be sold in an action brought by either of the joint owners, even though the plaintiff be an infant. It is the joint ownership that gives the right to a sale; and the statute was careful to confer the right upon infant joint owners as well as upon adult joint owners. Since the will provided that the estate might be divided when the eldest child became of age, the right to a division under section 490, *supra* (or to a sale in case a division was not practicable), accrued to all the children upon the happening of that event.

Judgment affirmed.