CASE 80—EQUITY—OCTOBER 7, 1882.

# Moore, &c., v. Thompson's adm'r, &c.

### APPEAL FROM CLARK CIRCUIT COURT.

1. The writing under which the separate estate is created expressly forbids the sale of the land until the youngest child of Mrs. Moore attains the age of twenty-one years.

2. The provision of *subsection* 1, *section* 492, Civil Code, referring to *section* 491, "that no sale shall be ordered if forbidden by the deed, will, or contract under which the property is held," is mandatory.

3. The court will not sell land with such restrictions made by the donor.

HAGGARD & JONES, E. P. MOORE, AND BARRETT & BROWN FOR APPELLANTS.

1. If the donor intended to deprive Mrs. Moore of the power to sell the land after his death, and to compel her to remain upon it at all hazards, he certainly would have used more explicit languaga than is used in writing. There is nothing, we think, in the writing to restrict her power of sale after his death.

2. Subsection 1 of section 492 is directory rather than mandatory. (Story's Eq. Jur., 2d vol., 1304; Jarman on Wills, vol. 1, chap. 28; 4 Kent, 129; 10 Pick., 507; 9 Wheat., 489.)

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

This was an action in equity by the appellants, who are husband and wife, to sell and reinvest the proceeds of the separate estate of the wife in a tract of land which was given to her by her father.

The writing by which the separate estate was created expressly forbids the sale of the land until the youngest child of Mrs. Moore shall attain the age of twenty-one.

The appellants allege that, by reason of personal injuries inflicted on the husband by disguised men, and the effect of their midnight raid on his home upon the nerves of the wife, and the general danger to which he is exposed by reason of their hostility, the land cannot be occupied in safety or comfort by them as a home, and that the rents

are insufficient to support them; that the land, or other land which could be bought with its proceeds, would support them if they were permitted to occupy and cultivate it themselves; that it would be beneficial to the wife and her children, who have a remainder interest in the land, for a sale and reinvestment to be made.

It is insisted that her father intended the land as a home for Mrs. Moore, and as it has become impossible for her to occupy it, the chancellor ought to disregard the donor's express command, and direct its sale and the reinvestment of the proceeds.

At the institution of this suit, there was no statute applicable to this case, as is claimed, authorizing a sale or reinvestment by order of a court of equity, when a sale is forbidden by the donor. Section 17, article 4, chapter 47, Revised Statutes, was repealed by section 17, article 4, chapter 52, General Statutes, which does not permit the sale of the separate estate of a married woman, although the husband and trustee join the wife in the conveyance, if the deed forbids the sale.

And subsection 1 of section 492, Civil Code, referring to section 491, and subsections 3, 4, and 5 of section 489, says, "no sale shall be ordered if forbidden by the deed, will, or contract under which the property is held."

Therefore, if the wife's interest could be considered either a particular estate, remainder, or reversion in a freehold, it could not be sold in violation of the command of the donor under section 491.

And subsection 5 of section 489 does not authorize the sale of the vested estate of a married woman, unless she be an infant; nor is the land owned jointly by Mrs. Moore and any one else; so we are unable to find any authority author-

izing a sale of this land in contravention of the contract and:
deed under which Mrs. Moore holds it.

Nor can we agree with counsel that the statute forbidding
a sale of the character of estates embraced by chapter 14,.
title 10, Civil Code, is merely directory.

It is mandatory, and must be obeyed.

The judgment is affirmed.