## Lee, et al. v. Lee.

(Decided December 6, 1910.)

Appeal from Shelby Circuit Court.

Wills—Devise of Land—Contingent Interest Therein—Sale of Under Civil Code—Power of Court.—Section 491, Civil Code, authorizes the sale of land in which there are contingent interests, but section 492 and the first subsection thereof provide: "In the actions mentioned in subsections 3, 4 and 5 of section 489, and in section 491, no sale shall be ordered if forbidden by the will

or contract under which the property is held." Testator by his will gave to his widow and daughter, life estates in his land, and provided that "at the death of his daughter, her children, if she left any, were to take the fee, but if she left no child or children. it was to go to her children for life if she be living; if not, then to her children in fee." Held, it was a positive provision of the will that so long as her daughter lived the real estate devised therein should not be sold, and in the section of the Code referred to (491) there is a positive withholding from the court the power to order a sale of it. If the will had only prohibited the widow and daughter from selling the land, then a court of equity would clearly have the right to order a sale.

WILLIS & TODD for appellants.

T. B. ROBERTS, Guardian Ad Litem, for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

W. S. Ross, a resident of Shelby county, Kentucky, made and executed his will in September, 1890. After his death, his will was duly probated. That part of the will relating to the question to be considered on this appeal, is as follows:

"2nd. I will and direct to my executor and trustee hereinafter named all the estate I have either in expectancy or remainder, for the following purposes, to-wit: That he shall from the rents, issues and profits of my estate provide for my wife, Mary C. Ross, as long as she shall remain a widow a good support, such as she has been accustomed to, and at her death or marriage, then my executor and trustee shall hold and use said property, real and personal, that I possess or that shall hereafter come to me, in trust for my daughter, Lizzie R. Ross, and shall provide for her from my estate, its rents and accumulations a suitable living, such as she has been accustomed to have, and shall be sent to some good school and educated; should my said daughter, Lizzie R. Ross, marry and have a child or children and die then and in that event my estate shall go such share and share alike. Should my daughter Lizzie R. Ross die leaving no child or children then and in that event it is my will, and I do here devise all my estate to my sister Jennie R. Shipman if living, if not then to her children.

"In case my daughter Lizzie R. Ross marries then my executor and trustee shall surrender to her husband the management of my estate so long as my daughter

shall live with the full knowledge that any real estate devised herein to her can not be sold, but to revert in case there are no children born to my daughter as above specified, and I hereby allow my executor and trustee the sum of fifty dollars annually for managing my estate to its best interests.''

Deceased left surviving him, his wife and one daughter, Elizabeth Ross, who after his death, married John A. Lee. After the death of W. S. Ross an action was had in the Shelby county court for a partition of certain real estate between Elizabeth Ross, now Lee, and Mrs. Shipman, a sister of W. S. Ross. This proceeding covered the land of which W. S. Ross died seized and which is referred to in his will, and in which Mrs. Shipman also had an interest. Something over forty-four acres of the land was allotted to Elizabeth Ross, now Lee, as her share. It is bounded on one side by a turnpike and on the other three sides by the land of Mrs. Shipman, and has no improvements, such as buildings, on it. By the death of other relatives, Elizabeth Ross became the owner of other valuable land in the immediate vicinity of this forty-four acres, but separated from it by the turnpike. All the parties interested in the land agree that it is to the interest of Mrs. Lee and her infant child, appellee, Sarah E. Lee, to sell this forty-four acres of land which is surrounded on three sides by the land of Mrs. Shipman, and re-invest the proceeds, and they seek, by this action, to accomplish that purpose. They took the depositions of two witnesses who gave it as their opinion that, owing to the situation of the land, it would be beneficial to the infant appellee and all other parties interested, to sell the land and re-invest the proceeds. A guardian ad litem filed a demurrer to the petition, which the court sustained and dismissed the action.

In construing the will, the court determined that it prohibited a sale of the land. The parties sought to dispose of this land under section 491 of the Civil Code, which authorizes a sale of land in which there are contingent interests, as in this case. But section 492 and the first subsection thereof is as follows:

''In the actions mentioned in subsections 3, 4 and 5 of section 489 and in section 491—

''1. No sale shall be ordered if forbidden by the deed, will or contract under which the property is held.''

Ross's will gave to his widow and daughter, life estates in his land, and at the death of his daughter, her children, if she left any, were to take the fee, but if she left no child or children, it was to go to his sister, Jennie R. Shipman, for life if she be living; if not, then to her children in fee. He made a positive provision in his will that so long as his daughter lived the real estate devised therein should not be sold, and in the section of the Code referred to there is a positive provision withholding from the court the power to order a sale of it. This matter was decided by this court in the case of Morton's Guardian v. Morton, &c., 120 Ky. 251, wherein the court said:

"So, in view of the fact that the sale of the property in question is forbidden by the will of W. F. Norton, Jr., at least during the life tenancy of Mary Morton and Gabriel Morton, we are constrained to hold that the judgment of the chancellor directing its sale was unauthorized and improper. * * * * * * * *

"In arriving at the conclusions herein expressed, we are not unmindful of the benefits that would doubtless result to the infant appellant from the sale of the property in question and compromise agreed upon by the father and guardian, but to allow such a disposition of the property devised would be to utterly disregard the wishes and purpose of the testator, and in effect set aside his will without the form of a contest."

See, also, the case of Moore, &c. v. Thompson's Admr., &c., 80 Ky., 424.

Appellants' counsel refer to the case of Lindemeier v. Lindemeier, &c., 91 Ky., 264, as sustaining their position that a court of equity has a right to order a sale of the property in the case at bar. After devising certain described real estate to his wife for life and in remainder to C. & H. Lindemeier, the testator used the following language:

"It is further my will that the property bequeathed to F. Clausing and C. & H. Lindemeier shall only be in trust for them, and they shall have no right to dispose thereof, but to be left to their heirs."

The court decreed in that case a sale of the property, and this court, on appeal, used the following language:

"In our opinion, the will does not forbid a decretal sale of it for this purpose. It denies to the owner of

the life estate the right to sell or otherwise dispose of it. The object of the testator was to prevent the life tenant from disposing of it, and thus defeat the rights of the remainder parties.''

If the will under consideration had only prohibited the widow and daughter from selling the land, then a court of equity would clearly have a right to order a sale for reinvestment of the proceeds, but the language of the will is nót only broad enough to prohibit a sale by the parties in interest during the life time of the daughter, but also the court.

Counsel also refer to the cases of Warfield, &c. v. English, &c., 11 Ky. Law Rep., 262, and McGraw v. Minor, 12 Ky. Law Rep., 687. The wills construed in each of those cases did not, as determined by the court, prohibit the court from ordering a sale of the land.

For these reasons, the judgment of the lower court is affirmed.