## Rousseau, et al. v. Page's Extx., et al.

(Decided November 29, 1912.)

### Appeal from Barren Circuit Court.

1. Land—Sale and Reinvestment—Provisions of Will—Pleading.—In this action by life tenants for the sale of devised real estate for reinvestment, in which infant remaindermen were made defendants, properly summoned and represented by guardian ad litem; it appearing that the will with respect to the land devised, forbids the sale by one of the life tenants—a deaf mute—of his interest therein, but manifests no intention on the part of the testator to prohibit the sale by the other life tenants or the remaindermen, of their respective interests therein, or to prevent a court of equity from decreeing a sale of the land, including the interest of the deaf mute, for reinvestment of the proceeds in other real estate, and the necessity for the sale and reinvestment being manifest from the evidence, the granting of the prayer of the petition was not error.

2. Land—Sale of for Reinvestment—Provision of Will—Provision of Code.—In the absence from the will of language making it reasonably certain that the testator intended to forbid a sale of the land by a court of equity for reinvestment during the term of one of several life tenants, such intention will not be presumed from the mere fact that such sale is forbidden to such tenant himself; therefore subsection 1, section 492, Civil Code, did not deprive the court of power to decree the sale.

G. M. BOHANNON for appellants.

BAIRD & RICHARDSON for appellees.

Opinion of the Court by Judge Settle—Affirming.

The appellees, Mary V. Page, Joe Page and Terry Page, devisees under the will of F. S. Page, deceased,

the former being the widow of the testator and executrix of his will, the two latter, his sons, brought this action in equity, under section 491, Civil Code, for a sale of six hundred and forty acres of land in Barren County and the reinvestment of its proceeds in other real estate in that county; they owning, under the will of F. S. Page, each a life estate in the land, and the infant children of the sons the remainder. The remaindermen were made defendants, and it appears from the record that they were properly before the court, and that a proper defense was made for them, by a guardian ad litem.

It also appears from the averments of the petition, and depositions found in the record, that the sale of the land and reinvestment of the proceeds in other real estate would greatly benefit the parties interested. Upon the submission of the case judgment was rendered directing the land to be sold, at which sale the appellants, J. C. Rousseau and W. C. Turner, became the purchasers at the price of $9,000.00, which is conceded to be its fair market value. Appellants executed the required sale bonds with approved security, payable to the commissioner, but being advised that their purchase and the deed to be made in pursuance thereof, would not vest in them a good and marketable title to the property, they filed exceptions to the report of sale which were overruled and the sale confirmed. From the judgment entered in conformity to these rulings, they have appealed.

The exceptions were based on the ground that as the will of the testator with respect to the devise of the six hundred and forty acre tract of land, in express terms, forbids the sale by Terry Page of his interest therein, the sale of the land, including his interest, by a court of equity is prohibited by subsection 1, section 492, Civil Code, which provides:

"No sale shall be ordered if forbidden by the deed, will or contract under which the property is held."

Clause one of the will devised to the testator's widow, Mary V. Page, a life estate in all real and personal estate left by him, the clause disposing of the six hundred and forty acre tract of land sold in this case reads as follows:

"It is further my will that at the death or remarriage of my said wife, that my sons Terry and Joe, have my Strange tract of land on Skeggs Creek, containing six hundred and forty acres, to them in equal shares of in-

terest during their lives. I further direct that Joe shall manage and control said land, but he must account to and pay Terry one-half of the profits produced by said land. If Terry should become able and wish to buy Joe's interest, then in that event Joe may sell his said one-half in same and transfer it to Terry for life; but in no contingency is Terry authorized or empowered to dispose of his interest in said land, either his own half or that he may purchase from Joe. In the final distribution of my estate, Joe and Terry are not to be charged with the foregoing bequest of land.''

It is apparent from the above language that only Terry Page, one of the life tenants, is prohibited from selling his interest in the land. Clearly it does not forbid a sale by the other life tenants, Mary V. Page and Joe Page, of their respective interests, or defer their right to do so until after Terry's death; nor does it interfere with the right of the remaindermen to sell, and only the disability of infancy can defer their right to do so in person until they become twenty-one years of age, respectively. There is nothing in the language of the devise that shows an intention on the part of the testator to forbid a sale of the property, including Terry Page's interest, for reinvestment of the proceeds, under the direction and supervision of a court of equity, if it should be found necessary in order to conserve his interest, that of the other life tenants and the remaindermen.

The prohibition on the right of Terry to sell was personal, and due, doubtless, to a disability imposed on him by nature or an accident of birth; for the evidence shows him to be a deaf mute and that such has been his condition since birth. The testator knew better than any other could know, whether the disability rendered Terry incompetent to contract or manage his estate, and the purpose of the prohibition upon his right to sell the entire tract, if he acquired his brother's share, or if he did not, to sell his own interest, though conclusive as to him, was not to prevent a court of equity, upon a proper showing of the necessity therefor, from selling it and directing the reinvestment of the proceeds in other real estate, to be held and owned by the parties in the same manner and under the limitations imposed by the will as to the six hundred and forty acre tract of land. This, the judgment of the circuit court directs, shall be done; and it yet holds the proceeds of the land to be so invested.

It is only where the language of the deed or will in express terms forbids the sale and reinvestment by the court, or is broad enough in meaning to indicate that such was clearly the grantor's or testator's intention, that subsection 1, section 492, Civil Code, applies. Moore v. Thompson, 80 Ky., 424; Morton v. Morton's Guardian, Etc., 120 Ky., 252.

Lee v. Lee, 141 Ky., 62, is a case in which subsection 1, section 492, Civil Code, was applied. In the opinion we said:

"If the will under consideration had only prohibited the widow and daughter from selling the land, then a court of equity would clearly have a right to order a sale for reinvestment; but the language of the will is not only broad enough to prohibit a sale by the parties in interest during the lifetime of the daughter, but also to the court."

This case is controlled by the principle announced in Lindemeier v. Lindemeier, &c., 91 Ky., 265 and McGraw v. Miner, 12 R., 687. In the case first mentioned, it was held that a provision in a will that real estate devised to the testator's son, "can only be in trust for them and they shall have no right to sell or otherwise dispose thereof, but to be left with their heirs," did not make the sons merely trustees for their children, but created in them a life estate, with remainder to their children. In that case, as in this, the petition contained the averments, and it was shown by the evidence, that the value of the property was decreasing rapidly; that it was in bad repair, and the owners unable to improve it, and that it was to the interest of all concerned, to sell it and reinvest the proceeds. The children were not sui juris, and hence a judgment of the court for the sale and reinvestment was prayed.

In the opinion it is said:

"In our opinion the will does not forbid a decretal sale of it for this purpose. It denies to the owner of the life estate the right to sell or otherwise dispose of it. The object of the testator was to prevent the life tenant from disposing of it and thus defeating the rights of the remainder parties. In providing as he did in his will, it was evidently his intention to secure that much of his estate to Clemens Lindemeier for life, and then to his children. He did not have in view a sale by decree of court, which might, and as appears, has become highly necessary to preserve his bounty. It should not be so

presumed in the absence of language rendering it reasonably certain that he intended to forbid a sale of it in any manner or for any purpose during the term of the life tenant, however necessary to the interest of the parties." Litterell v. Wells, 97 Ky., 84; Warfield v. English, &c., 11 R., 263.

The judgment of the circuit court being in all respects proper it is hereby affirmed.