# Latta v. Louisville Trust Company, Trustee, et al.

(Decided February 27, 1923.)

## Appeal from Jefferson Circuit Court (Common Pleas, Second Division).

1. **Trusts—Prohibition Against Alienation Must be Free from Doubt.**—A prohibition against alienation appearing in a deed or will, to be operative, must be so clear and free from doubt as to leave the court no room for misconstruing the language used.

2. **Trusts—Equity Can Authorize Sale for Reinvestment if Not Prohibited by Will.**—Whenever it fairly appears necessary to protect the beneficiaries of a testamentary trust that there should be a change of investment from one property to another, a court of equity may, on application of the trustee and beneficiaries, direct a sale of the property and take charge of the proceeds for reinvestment if the will does not prohibit such sale.

3. **Trusts—Direction to Keep Estate Together Does Not Prohibit Alienation.**—In a will creating a trust for the beneficiaries designated, a provision requiring the estate to be kept together during the existence of the trust does not prohibit alienation of any of the property devised in trust; but equity can permit a sale of part of the trust property for the purpose of investment of the proceeds in other like property, or the improvement or enhancement of other real property belonging to the estate.

HUMPHREY, CRAWFORD & MIDDLETON for appellant.

HUGH B. FLEECE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

A score or more years before the commencement of this action, James B. Wilder, after having made his last will and testament, passed to the great beyond. He was the owner of several different parcels of real property in the city of Louisville, one of which is located on the southeast corner of Fifth and Main streets, and is the subject of this litigation. The Louisville Trust Company is trustee under the will. This action was commenced by it and the heirs and devisees of James B. Wilder, deceased, praying that the said trustee be authorized and directed to accept an offer made by appellant Latta to purchase the said lot on the corner of Fifth and Main streets at the price of $25,000.00, and that the trustee be directed to execute to appellant a deed for the said property and receive the said purchase price of $25,000.00. Appellant

Latta was not a party to the action. The court granted the prayer of the petition and authorized and directed the Louisville Trust Company, as executor and trustee under the will of James B. Wilder, deceased, to prepare a proper deed for the said lot, conveying it for and on behalf of the heirs and devisees of James B. Wilder to appellant Latta, on her paying to the trustee the agreed price. Pursuant to this order of the court the said executor and trustee did prepare and present to appellant Latta a deed in proper form to convey the said lot to her, but she rejected the said deed and declined to pay the money or to take the property because she said that the executor and trustee had no right under the will of James B. Wilder to sell and convey any part of the said real estate since the will by its sixth paragraph required all of the real estate to be *held together as a whole* until the death of each of the grandchildren mentioned therein who are yet living and young. That part of the will in question reads:

"I give, devise and bequeath to my said daughter-in-law, Edith V. Wilder, so long as she remains unmarried, in trust for my grandchildren (my children both being dead), to-wit: Emma Haste, etc. (naming them) . . . all the residue of my estate, real, personal and mixed, and direct that it shall be *held together as a whole* . . . until twenty-one years after the death of my said grandchildren, who may be alive at my death and the last survivor of them, when it shall be divided among the descendants of said grandchildren or it may then be sold and the proceeds divided as aforesaid."

It is the insistence of appellant Latta that the clause "held together as a whole" forbids a sale of the said real estate, or any part thereof, by the executor and trustee, or the court for reinvestment, or for any other purpose. Appellant says, however, that she is ready, able and willing to carry out her contract for the purchase of said lot and to pay the price in the way and manner agreed upon, if the title which has been tendered her shall be held to be good by this court.

We do not think the paragraph of the will above quoted prohibits a sale of the testator's real estate for reinvestment, or for other purposes equally as important to the estate. It is well settled that a prohibition against alienation appearing in a deed or will to be operative must be so clear and free from doubt as to leave the court no room for misconstruing the language used. We have in several cases had occasion to pass upon and construe pro-

visions of wills very similar to the one under consideration. One of the recent cases most like the one under consideration is styled Gillespie v. Winston, Trustee, 170 Ky. 667. In that case the testator made a will by which he expressed the wish that his property, both real and personal, remain in the hands of his trustee subject to the trust created until twenty-one years after the death of the last survivor of his children and grandchildren living at the time of his death, adding, "I do not desire any of my business property sold." The testator in that action was the owner of quite a number of pieces of valuable business property. He especially desired said property held in trust, as provided by his will. It was apparent that it was the desire and will of the testator to keep the body of his estate continually invested in business property. After considering the whole testamentary paper we said:

"Influenced by these considerations, we are of the opinion that whenever it clearly appears necessary to protect the interests of the beneficiaries that there should be a change of investment from one business property to another business property, the court may, on the application of the trustee and beneficiaries, direct a sale and reinvestment to be made under what is known as the amendment to section 498, Goff v. Renick, 156 Ky. 588.

"In reaching this conclusion we do not, of course, wish to be understood as holding that a testator may not prohibit by a clearly expressed intention the alienation or encumbrance of devised estate under section 2360 of the statutes, or during any less period of time, as it has been frequently ruled that this may be done (Young v. Young, 20 Ky. L. R. 1741; Harkness v. Lisle, 132 Ky. 767; Moore v. Potter-Matlock Trust Co., 167 Ky. 201; Morton v. Morton, 120 Ky. 251; Lee v. Lee, 141 Ky. 62), but in all cases in which the question arises whether there is such a prohibition or not, as well as to the extent of it, the decision must depend on the intention of the testator as expressed in his will, and unless the intention to prohibit is clearly found to exist the prohibition will not be declared. Farris v. Rogers, 9 Ky. L. R. 912; Warfield v. English, 11 Ky. L. R. 263; Lindemeir v. Lindemeir, 91 Ky. 264; Roederer v. Hess, 112 Ky. 807; McGaw v. Minor, 12 Ky. L. R. 687; Rousseau v. Page, 150 Ky. 812; Luttrell v. Wells, 97 Ky. 84."

The several cases cited above fully support the doctrine of the foregoing opinion, and clearly establish the

rule that whenever it fairly appears necessary to protect the interest of the beneficiaries that there should be a change of investment from one property to another, a court of equity may, on the application of the trustee and beneficiaries, direct a sale of the same and take charge of the proceeds for reinvestment.

We do not think the testator, James B. Wilder, intended by the language used in the said sixth paragraph of his will to prohibit the sale of his real property, or any particular part thereof, for reinvestment, or for any other purpose, to the interest and benefit of the estate and those in whose interest it was devised by him. It was his intention undoubtedly that his trustee should keep the property or other like property in which the proceeds of the first had been reinvested, together and so manage and control the same as to preserve it for his descendants coming after his grandchildren, the income from which was during the life of his daughter-in-law and his said grandchildren, to be parceled out among them as set forth in the will. This purpose must not be frustrated. The sale of the lot at the corner of Fifth and Main streets for the purpose of reinvestment in other like property or the improvement and enhancement of the other real property belonging to his estate will not violate either the spirit or the letter of the provisions of the will quoted above requiring the property "to be held together as a whole."

The judgment of the lower court holding that the deed prepared and tendered by the trust company, as trustee, to appellant Latta, good and sufficient, when delivered to pass a perfect title to the said lot to appellant Latta, and requiring her to accept the said deed and to pay the purchase price according to the terms of the purchase, was free from error and must be and is affirmed.

Judgment affirmed.