## Highfill v. Konnerman et al.

(Decided November 27, 1931.)

WILLIAM U. WARREN for appellant.

LEWIS F. BROWN for appellees.

Opinion of the Court by Drury, Commissioner—Reversing.

In a suit begun by Edward H. Konnerman et al., devisees of Edward W. Konnerman, certain property was ordered sold for division, and at the sale thereof John Highfill became the purchaser. Highfill's exceptions to the sale were overruled, and he has appealed.

It will not be necessary to consider but one of his exceptions, as it was fatal. It was this:

"Comes John Highfill, the purchaser of the real property that was sold herein, and excepts to the Report of Sale and to the sale made herein by the Master Commissioner of this Court. . . . Because the Will under which the petitioners herein received and held said property, forbids a sale thereof at any time before the petitioner Julia Konnerman, who is now twelve (12) years of age, reaches the age of twenty-one (21) years."

These are the parts of this will that are involved:

"3rd. I desire that my executrix be given power to rent or lease my property located at 128 West Sixth Street, Covington, Kentucky, until my youngest child, Julia, reaches the age of 21 years. . . .

"4th. I desire that after my youngest child has reached the age of 21 years, that all my property of every nature and kind be divided. . . .

"I desire . . . should any (of) my children die that their share be equally divided with the surviving children."

What these parties were seeking to do is shown by this which is taken from the body, and the prayer of the petition:

"Plaintiffs state that their estate in said land is a vested estate and that said land is in possession of these Plaintiffs; that no one else has any interest whatsoever in said land except said Plaintiffs herein mentioned; that said property cannot be divided as it consists of a lot and residence without materially impairing its value, and the value of plaintiffs' interest therein. . . .

"Wherefore, Plaintiffs pray judgment for a sale of said property, and that the proceeds of said

sale be divided among the plaintiffs as their interests may appear."

Thus it plainly appears this sale is sought to be had under subdivision 2 of section 490 of the Code of Practice in Civil cases. The first question presented is, Does section 490 permit a sale under it if forbidden by the deed, will, or contract under which the property is held? The answer is, "No."

In the case of Kean v. Tilford, 81 Ky. 600, M. Kean owned one-half, J. W. Henning, one-fourth, and Joshua F. Speed, one-fourth, of the Louisville Hotel. Each one of these men was in a position to ask for a partition and, of course, Kean could not make a will and tie up any part of his one-half so that the others could not ask for a partition, for, as he had no right to resist a partition, he could not prevent a partition by the terms of his will.

In Warfield v. English, 11 S. W. 662, 663, 11 Ky. Law Rep. 263, the question was, Did the executor have a bare power of sale at a certain time or was the title in the executor? We held he had nothing more than a power of sale, and said:

"The first subdivision of section 492, that 'no sale shall be ordered if forbidden by the deed, will, or contract under which the property is held,' does not apply to a sale under section 490."

Later in the case of Young et al. v. Young et al., 49 S. W. 1074, 20 Ky. Law Rep. 1741, we had a question like we have here, the cases just cited were discussed, and it was held a partition could not be had when forbidden by the deed under which the property is held. A somewhat kindred question was presented in Morton's Guardian v. Morton, 120 Ky. 251, 85 S. W. 1188, 27 Ky. Law Rep. 661, and in Lee v. Lee, 141 Ky. 62, 132 S. W. 154. This question was collaterally presented in Houser v. Paducah Lands Co., 157 Ky. 252, 162 S. W. 1113, 1115, and, after citing all these cases, the court said:

"It has been held in a number of cases that subsection 1 of section 492 does not apply to actions brought pursuant to section 490 to sell property jointly owned on the ground of indivisibility (Kean v. Tilford, etc., 81 Ky. 600; Warfield v. English, 11 S. W. 662, 11 Ky. Law Rep. 263). . . . There

being no provision of the Code prohibiting sales under section 490 if forbidden by the will, deed, or contract under which the land is held.''

The question came up again in Moore v. Potter-Matlock Trust Co., 167 Ky. 201, 180 S. W. 789, 792, and in the opinion in that case we said:

''While the prohibition in section 492 does not, in terms, apply to sales under section 490, a sale under the last-named section cannot be made if it be prohibited to all the joint owners by the will or deed under which they hold their title.''

The case of Gillespie v. Winston's Trustee et al., 170 Ky. 667, 186 S. W. 517, 520, grew out of a suit for a sale under the act of 1882, which was then carried as an addendum to section 498 of the Code, but which in several later editions of the Code has been and is now carried as an addendum to section 491. In that opinion it is said:

''There is no provision in this amendment to section 498 that forbids the sale of property, although, of course, if the sale was forbidden by the deed, will, or contract, it could not be made under this amendment.''

From this we see that this court has recognized that one may put reasonable restraints upon the alienation or division of property and, so long as one keeps them reasonable, they will be respected.

From the last-cited case and from the case of Latta v. Louisville Trust Co., et al., 198 Ky. 45, 247 S. W. 1103, it appears that, when it is sought to sell property for reinvestment, such relief may be had when a partition would not be permitted, but there are circumstances when even that would not be permitted.

That was recognized in the case last cited. The reason for such relaxation is this: A testator may have some cherished purpose, for example, he may desire to provide a home for his family, or may have other similar reasons for not wanting the particular property sold or divided, yet circumstances the testator had not foreseen may make it almost imperative that the property be sold and the money arising therefrom be reinvested in other property, to be held and devoted to such cherished purpose. Such a sale may be made, but, when testator makes it clear it is the particular property he cherishes, and provides it shall not be sold for such reasonable

time as he may fix, such a provision will be respected, and a sale of it will not be made, no matter how advantageous it may appear.

A partition is different. A testator may desire to forbid partition until such reasonable time as he may think will result in more mature judgment on the part of his beneficiaries, and a consequent wiser use of the property. In such a case it is the welfare of the beneficiaries which he cherishes, and it is youthful improvidence and indiscretion against which he wishes to provide. Hence provisions against partition are more rigidly enforced.

The reason the court should not have made a sale of this property for partition is, not because section 492 applies to section 490, but because a man has a right to make a will or contract and to impose reasonable restraints upon the alienation or partition of property affected thereby. That is just as much the law as section 490 of the Code. The two must be read together. So long as men have the right to make wills and contracts and to impose reasonable restraint upon the property affected by such wills or contracts then in any proceeding under section 490 of the Code, the court must look at such will or contract to see what can be done, for any reasonable restraints therein must be respected.

The court should not have ordered a sale in this case. The court will quash the report of sale and the purchase-money bonds executed by Highfill, and dismiss the petition.

We are passing on none of the other questions, but will suggest that it is better practice in proceedings affecting the real estate of infants to make the infants defendants and have a guardian ad litem appointed for them, to the end that all possible protection may be given to their rights.

Judgment reversed.