## Divine et al. v. Divine et al.

October 3, 1947.

K. S. Alcorn, Judge.

Chas. S. Matherly for appellant.

C. E. Rankin for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

The sole question is whether or not the owners of a life estate, who also own fee simple title to and in possession of a fractional part of real estate which has been sold under Section 490 of the Civil Code of Practice, are entitled to receive the cash value of their interest in that portion of the land in which they own a life estate according to the expectancy of the life tenant upon whose life such estate is predicated.

The plaintiffs below owned a 45/100 of the land sold in fee. The appellants owned 1/10 in fee and a vested life estate in the other 45/100 for the life of Elias H. Divine. The interests of the parties herein arose as follows: James A. Divine owned 9/10 undivided interest in and to real estate involved herein. Maggie Divine, his wife, owned the other 1/10. James A. Divine willed all of his interest in the above property to his wife, Maggie Divine, for life with remainder to his 3 children, Mary E. Gibson, Elias H. Divine, and Simon A. Divine for life, with the remainder at the death of these, ½ of his undivided interest, or 45/100 of the whole to the children of Mary E. Gibson, and the other ½, or 45/100, to the children of Elias H. Divine. Maggie Divine, under the conviction that the children of Simon A. Divine had been mistreated, conveyed her 1/10 undivided interest to Simon A. Divine. Afterwards, Simon A. Divine purchased the life estates of Elias H. Divine and Mary E. Gibson. Mary E. Gibson died intestate in 1944. Simon A. Divine died intestate in 1941. Elias H. Divine is yet living. Thus we have the children of Simon A. Divine owning a fee in 1/10 of the property sold and a life

interest during the lifetime of Elias H. Divine in 45/100 and the children of Mary E. Gibson owning in fee the other 45/100.

Suit was filed by the heirs of Mary E. Gibson on the ground that the real estate was jointly owned, in joint possession, and indivisible. There appears no contention about the right of sale. The contention arises over the distribution. The appellants insist that in addition to the cash amount based upon the 1/10 fee simple interest in the land, they are entitled to the cash value of the vested life estate in the 45/100 for the life of Elias H. Divine, based upon the mortality table.

Appellees take the position that the remaindermen, children of Elias H. Divine, are entitled to have the sale value of their 45/100 kept intact with the owners of the life estate receiving only the income from the amount, and all of the sale price to come to them upon the death of their father, Elias H. Divine, as provided under the will of the father of Elias H. Divine.

The court concluded that the position taken by the appellees, plaintiffs below, was correct and directed that the 45/100 representing the share of Elias H. Divine, for life with remainder to his children, in which the appellants here own the life estate, be set aside in a separate fund and held by the master commissioner until further orders of the court.

Looking at the matter superficially the first reaction is that the position taken by the appellants is correct and proper. If the question involved only the matter of dower right it would be simple, since under Civil Code of Practice, sec. 495, a court may order sale of land free from widow's rights and provide for reasonable compensation to her out of the proceeds of sale. But as in the present case where a life estate is created by will and is followed by a remainder, the testator is presumed to have intended to afford the remainderman a substantial enjoyment of the particular property. Consequently, perplexing problems often arise in the endeavor of the courts to carry out this intention without prejudice either to the life tenant or the remaindermen. The right of an owner of a possessory interest in real estate to extinguish through judicial process other pos-

sessory interests has been a subject of much discussion through the years. Certainly, anyone owning such possessory interests must be compensated by the creation of a substitutional interest in the proceeds of the sale or at least a just and reasonable satisfaction. In the instant case we have remaindermen with a defeasible fee. Who they will eventually be cannot be determined until the death of Elias H. Divine, upon whose life the life estate is predicated.

The principle objection to commutation seems to lie in the fact that the use of mortality tables as a basis for estimating the expectancy of a given person is unsatisfactory in that such tables indicate the average duration of many lives running concurrently, and in no way reflect the physical condition or health of that particular person. However, the larger significance, where an estate has been created by a will, is to be found in the intent of the testator, unless commutation has been provided for by statute. The general rule seems to be that a life tenant will not be paid the value of his estate unless the statute so provides or unless all parties interested in the estate consent thereto. Here the remaindermen object and we have no applicable statutory provision.

In 33 Am. Jur., Life Estates, Section 274, the general law is well stated as follows:

"In partition suits, commutation has usually been denied where not provided for by statute. The theory of the cases denying commutation upon such sale, in the absence of statute or consent, is that the court has no power to give the life tenant, in place of an interest for life in a share of the purchase money, a gross sum as the estimated value of such life interest, because after the sale, the rights of the life tenant and remainderman remain unchanged, and having been legal rights which cannot be disturbed when adhering to the land, can by no judicial authority be disturbed by a conversion of the land into money. Prior to the sale, the life tenant had only a right to the use of the land, and after the sale he has only the right to the use or interest in the proceeds. Both before and after sale, the remainder interest has a right to the corpus or substituted principal undiminished."

See also Annotations 102 A. L. R. commencing on page 964 for a pro and con view.

In Miracle v. Miracle, 260 Ky. 624, 86 S. W. 2d 536, 538, 102 A. L. R. 964, we said:

"A life tenant may not have partition of land and an allocation of a part of it in fee in proportion to the value of his interest and that of the remaindermen so that a present absolute property in their respective portions would rest in each."

In line with the above we conclude that the remaindermen have a right to this substituted principal undiminished at the termination of the life estate, since to do otherwise would defeat the intent and purpose of the testator creating the life and remainder estates.

Wherefore, the judgment is affirmed.