## Malone v. Jamison et al.

February 14, 1950.

J. Wirt Turner, Judge.

250

W. W. Jesse for appellant.

Coleman Wright and William H. Hays for appellee.

JUDGE KNIGHT—Reversing.

Statement of Facts

Frances Malone Jamison died testate, a resident of Shelby County, in October 1910, and her will was duly probated in that county on October 10, 1910. The pertinent part of that will reads as follows:

"I give and devise all my estate, real and personal of which I may die seized of possessed, to my husband, James D. Jamison, To have and To Hold as long as he remains single.

"Should my husband James D. Jamison marry the second time or die, I will that the remainder of my property after my funeral expenses and just debts and forty ($40.00)) for my mothers head stone shall have paid and settled for shall be divided equally between my nieces Margaret Katherine Vanatta and Francis Vanatta and their lawful heirs. Should they die without heirs I then will that what property they or either of them still hold at their death after their burial expenses shall have been satisfied or settled for shall revert to my two brothers James Malone and Beverly Malone to be divided equally between them, should one die it shall go to the surviving one and of both dead to their lawful heirs."

At the time of her death testatrix owned a one half interest in two lots or tracts of land in the town of Clay Village in Shelby County, fully described in the petition herein. The other one half interest in that property was owned by her husband James D. Jamison, who died testate, a resident of Shelby County, on May 16, 1948. Under his will, which was duly probated in that county and which will is not in controversy here, all his property, real and personal, which included his one half interest in and to the real estate above referred to, was devised to Annie Jamison, appellee herein.

This suit was brought by appellee Annie Jamison, a widow, against Edith Malone, unmarried, and others claiming an interest in the property described in the petition, appellants herein. In the petition and amended petition she asked that appellants and appellee be adjudged joint owners and in possession of the property described; that it be adjudged indivisible and that it be sold and the proceeds divided among those entitled thereto. All defendants were before the court by pro-

cess or by constructive service although no answer was filed by any of them and no proof has been taken as yet.

The case was submitted on the pleadings and exhibits and on May 20, 1949, a judgment was entered adjudging that appellee, Annie Jamison, is the owner in fee of an undivided one half interest in the real estate described; that appellees Frances Vanatta Praetorius and Margaret Katherine Vanatta are the owners in fee of an undivided one half interest in said property under the will of Frances Malone Jamison; that appellants Edith Malone, Hazel Malone McCann, Clay McCann, Patricia McCann Alyea, Gene Harvey Alyea, and Carolyn Clay McCann, an infant over 14 years of age, heirs at law of James Malone and Beverly Malone, deceased, have no contingent or vested title or interest under the will of Frances Malone Jamison. The judgment reserved for future orders the question of the sale of the property involved.

Appellants appeal from this judgment, contending that the heirs at law of James and Beverly Malone do have an interest in the property under the will of Frances Malone Jamison, while appellees contend that they have no interest.

## The Will Construed

It is obvious that a determination of the estates which the various parties take under the garbled will being construed is not an easy task and yet not an impossible one if settled principles under established law are followed. In the Restatement of the Law relating to Property, Vol. III, Sec. 269, page 1379, we find this principle which we think applicable to the will being construed: "When property is limited by an otherwise effective conveyance 'to B for life (or years), remainder to C and his heirs, but if C dies without issue, then to D,' or by other words of similar import, then, unless a contrary intent of the conveyor is found from additional language or circumstances, the interest of D can become a present interest if, but only if, C dies at or before the time of the termination of the interest of B in accordance with the terms of the limitation and is unsurvived by issue at the time of his death."

This principle of law is followed in most of the states and has long been settled in Kentucky by Rule I

laid down in Harvey v. Bell, 118 Ky. 512, 81 S. W. 671, and restated and followed in Atkinson v. Kern, 210 Ky. 824, 276 S. W. 977, 978, as follows: " 'I. Where an estate is devised to one for life, with remainder to another, and it is further provided if the remainderman die without children or issue, then to another, the rule is that the words "dying without children or issue" are restricted to the death of the remainderman before the termination of the particular estate.' "

An important phrase in the Restatement above quoted is that one which says "unless a contrary intent of the conveyor is found from additional language or circumstances," which is similar to the language used in KRS 381.080, and we must look at the language of the Jamison will to see if any such contrary intent is expressed.

If Mrs. Jamison in her will, after making the devise to the Vanatta nieces, had followed that portion of the will with a statement something like this, "If my two nieces should die without issue, then said property shall go to my two brothers," then unquestionably the Vanatta nieces, having survived the life tenant, would now own the property in fee simple, without any possible defeasance of their estate. But when she said in her will, "Should they die without heirs, I then will that what property they or either of them still hold at their death after their burial expenses shall have been satisfied or settled for, shall revert * * *," it was evidently her intention that the interest of the Vanatta nieces would remain defeasible even after the death of the life tenant. During the life of J. D. Jamison there was nothing for these remaindermen to "still hold." If these Vanatta nieces had died without issue during the lifetime of Mr. Jamison, they would have received nothing and there would have been no estate with which to have paid their burial expenses as the testatrix directed. If any significance is to be attached to the phrase *"at their death,"* we think it must be construed as meaning their death at any time without issue, not merely if they should die before the death of the life tenant.

From what has been said above, it is manifest that it is our opinion that the heirs at law of James and Beverly Malone, brothers of testatrix and both of whom are now dead, have a contingent interest in the property

involved which will ripen into a vested estate should the Vanatta nieces die without heirs. This interest may perhaps be best denominated as an "executory interest" although such interest is sometimes loosely referred to by the more easily understood term of a "contingent remainder." However, strictly and correctly speaking, there can be no contingent remainder following a defeasible fee such as the Vanatta nieces have here.

We are therefore of the opinion that the judgment of the lower court is erroneous in holding that the Vanatta nieces are owners in fee of the property involved and in holding that the heirs at law of James Malone and Beverly Malone, named in the judgment, have no interest in the property. Having an executory or contingent interest in this property, they were necessary parties and they have been made parties to this suit for its sale.

### Disposition of Proceeds

This suit was brought for sale and division under Sec. 490(2) of the Civil Code of Practice. Clearly it is such an estate in possession as can be sold under that section. Appellee, Annie Jamison, as the owner in fee of a one half interest in the property would be entitled to one half of the net proceeds of sale immediately. However, the net proceeds of the other half interest would have to be paid into court and reinvested under the provisions of Sec. 491 of the Civil Code of Practice to be held under the terms of the will as herein construed until it can be definitely determined to whom the proceeds will ultimately go. Since one of the defendants in the suit is an infant and others are constructively summoned, necessary proof should be taken as required by Sec. 126 of the Civil Code of Practice.

Wherefore the judgment is reversed with directions to enter one in conformity herewith.