## Gill et al. v. Phelps

June 6, 1950.

R. C. Tartar, Judge.

John G. Prather for appellants.

John M. Perkins for appellee.

MORRIS, COMMISSIONER—Affirming.

Appeal is by the guardian ad litem of two infant granddaughters of John G. Phelps who died testate in 1944, from a judgment decreeing sale of a lot in Somerset in which the children have some interest. In his will testator made the following provisions:

"(1) I bequeath and devise my estate both real and personal to my wife Gertie Phelps, during her lifetime, so long as she remains my widow. In the event of Gertie Phelps remarriage the estate shall be divided as follows:

"(2) Thirty-three and one-third per cent of my entire estate both real and personal to Gertie Phelps. Thirty-three and one-third per cent to my daughter Margaret Phelps, and thirty-three and one-third per cent to my daughter Christine Phelps."

The widow was appointed and qualified as executrix, and later as guardian of the two infant children of Margaret, who had married William Gill; Margaret died in 1947. The daughter Christine had died intestate after the will was executed, but prior to her father's death.

At the time of testator's death he and his wife were joint owners of a lot in Castle Heights, a subdivision of Somerset, which had cost them $1,000, but upon which, after testator's death, had been built a dwelling house and garage. He also owned other real estate, but the matter here involves only the lot above mentioned.

The above facts are alleged in the petition of plaintiff suing as the guardian of the grandchildren. Her petition sets out the provisions of the will, and plaintiffs' present interests and contingent interests of her wards.

The petition alleged that plaintiff had entered into a contract for sale of the house and lot to George Major and wife at the price of $10,000 in cash upon delivery of a deed, if approved by the court. She alleged that the

contract price was fair and reasonable, and that the interests of the children would be best served by a sale at the contract price. She asked for appointment of a guardian ad litem both for process purposes and to represent the children. Her prayer was that the Court approve her contract, adjudge the sale proper and that the children's interest in the proceeds of sale be placed in her custody during her lifetime, as provided in the will. At the time of proof in 1948 the widow had not remarried.

A guardian ad litem was appointed both for service of process, which was duly executed, and for representation of the two children. He filed report stating that he had no affirmative defense to make, and stated that it appeared to be to the best interests of the children that the lot be sold. Proof was taken and Court adjudged that the land could not be divided without material impairment of interests; that the price of $10,000 was fair, and that a sale at that price was to the best interests of the wards; that the property be sold as per contract, and that plaintiff individually and as guardian execute a deed of conveyance to the proposed purchasers at the price.

He adjudged Mrs. Phelps to be the owner in fee of one-half the proceeds of the sale, and in two-thirds of the one-half interest in the remainder. He adjudged "the purchase price to be paid for the said property" be retained by her during her lifetime, or so long as she remains the widow of testator, "and in event of her remarriage she will report same to this Court." The Court then examined and approved the deed signed by plaintiff individually and as guardian. On the same day Mrs. Phelps executed a bond with surety, as required by Sec. 489 of the Civil Code of Practice.

This suit was instituted under the provisions of subsection 8 of Sec. 489 Civil Code of Practice, Amendment of 1944, and has been construed by us in several cases coming up since the original section was amended. Landers v. Scroggy, 294 Ky. 848, 172 S. W. 2d 557; Wilder v. Lee, 304 Ky. 144, 200 S. W. 2d 153, and cases cited under Sec. 489, Civil Code of Practice.

Our survey of the record shows that the case was prepared and practiced in accord with the Code's provisions, and appellant, the guardian ad litem, in brief

filed in their behalf, does not point us to any defect in the proceeding, or ground for disturbing the chancellor's finding. On the other hand he takes the position that the price to be paid for the lot is fair and reasonable. He only questions the right to maintain the action, in view of the will of testator. We think that under the terms of Sec. 489, Civil Code of Practice, which provides for the sale by a guardian of any right, title or interest in real property of a person under the age of twenty-one in the manner provided by the Civil Code of Practice, the judgment was correct.

Judgment affirmed.