Bruce WEDDLE, An Infant Over 14 Years of Age, et al., Appellants,

v.

Bettie Hatcher WEDDLE et al., Appellees.

Court of Appeals of Kentucky.

June 17, 1955.

L. D. May, Pikeville, for appellants.

Wine & Venters, Pikeville, for appellees.

MOREMEN, Judge.

This is an action brought under subsection (1) of K.R.S. 389.040, which reads:

"Remainder and contingent interest in real estate may be sold upon petition of any person having a present or vested interest, all persons in being having any interest in such estate being made parties to the action. If the court shall be satisfied that the interest of all concerned would be subserved by such sale, it shall adjudge accordingly; which judgment and sale thereunder shall invest the purchaser with all title of the present and future contingent claimants to the said real estate."

James Hatcher conveyed to his grand niece, Bettie Hatcher (Weddle), the property by deed, in usual form, which contained this paragraph:

"It is the express purpose and intention of the party of the first part to convey to the said party of the second part the foregoing described tract of

land together with the improvements thereon for life only, with remainder over to the children, if any, of said Bettie Hatcher, per stirpes; but if said Bettie Hatcher should die without issue or descendants living at her death then said described Fourth Street property shall go to Walter Hatcher, Jr., her brother, for life, with remainder over in such event to the children of said Walter Hatcher, Jr., (son of my nephew, Walter Hatcher), per stirpes. If both Bettie Hatcher and Walter Hatcher, Jr., should die without issue or descendants living at their death then said Fourth Street property shall go to the four daughters of Andrew and Bonnie Trimble; namely, Mary Margaret Trimble, Bettie Trimble, May Trimble and June Trimble, share and share alike, per stirpes."

The principal plaintiff, Bettie Hatcher (Weddle), by the terms of the deed, is a life tenant in possession of the property and her infant son, the defendant Bruce Weddle, is a vested remainderman. The co-plaintiff, Walter Hatcher, Jr., is a brother of Bettie and is a contingent life tenant. All adult contingent remaindermen, who are cousins of Walter and Bettie, are co-plaintiffs with them. The defendants are all of the infant contingent remaindermen, including unborn children of the plaintiffs, Bettie Hatcher (Weddle) and Walter Hatcher, Jr. A guardian ad litem was duly appointed and filed answer on behalf of "those under disability."

 The action was instituted, as we have indicated, to sell the real estate described in the complaint for reinvestment. The trial court, upon sufficient evidence, found that the property was in such a state of disrepair that it would require a large sum of money to make it habitable for occupancy by the owners and that the life tenant was financially unable to provide the necessary repairs. It was also shown that as a result of its general condition, the retention of the property without large sums being spent for its improvement would inflict a serious hardship upon the life tenant and vested remaindermen and would result in great reduction of the value of the property.

 We therefore are concerned only with the question of whether all proper procedural steps have been taken. We find that they have. All adult contingent remaindermen joined the life tenant and the contingent life tenant as parties plaintiff, which was proper. Goff v. Renick, 156 Ky. 588, 161 S.W. 983. The infant contingent remaindermen were joined as defendants. Highfill v. Konnerman, 241 Ky. 282, 43 S.W.2d 657. The unborn heirs of Bettie Hatcher (Weddle) and Walter Hatcher, Jr., were made parties defendant and thereby received virtual representation. Masonic Widows and Orphans Home and Infirmary v. Hieatt Bros., 197 Ky. 301, 247 S.W. 34; Cox v. Corrigan-McKinney Steel Co., 248 Ky. 426, 58 S.W.2d 625. Those under disability were represented by a guardian ad litem who duly filed answer.

Neither brief has pointed out any error in the proceeding and an examination of the record has failed to disclose one.

The judgment is therefore affirmed.