Ada S. RODKEY, Appellee,

v.

Eloise Jeanne REES, Trustee under the Will of Earl A. Rodkey, Deceased, et al., Appellants.

No. 46712.

Court of Appeals of Oklahoma, Division No. 2.

Aug. 20, 1974.

Released for Publication by Order of Court of Appeals Oct. 31, 1974.

W. Custer Service, Edmond, for appellee.

Jerome E. Hemry, Hemry & Hemry, Oklahoma City, for appellants.

BRIGHTMIRE, Presiding Judge.

 The unprecedented question here is whether the request of a co-tenant to partition certain lands must be denied because her co-tenant is a testamentary trustee who during the term of the trust is "not authorized or empowered to sell, transfer or dispose of any real property."

We hold it must and therefore reverse the decree of partition entered below.

The background facts are that one Earl A. Rodkey died testate possessed of certain real property. His will, which was offered for probate by his widow—Ada Rodkey, plaintiff below—devised an undivided one-third interest in 80 acres to his widow, a third to a daughter and a twelfth to trustees in four separate, individual trusts for the benefit of four grandchildren. Article IX of the will contained this restriction of the trustees' powers after specifying the trust was to terminate August 25, 1977: "During the term of this trust . . . my said trustees are not authorized or empowered to sell, transfer or dispose of any real property."

With appellee Ada Rodkey acting as executrix of her deceased husband's estate, the will was probated resulting in a final decree signed October 14, 1971, distributing the 80 acres in accord with its provisions.

Later the devisee daughter conveyed her interest to her mother who in turn, on January 24, 1972, brought this action for partition of the unimproved acreage alleging it was "not capable of being divided in kind and should be appraised . . . and" sold.

The trustee answered setting up the foregoing operative facts followed by a request for the court to deny partition. Each of the four benefitting grandchildren answered likewise.

Eventually the cause came on for trial. It was a short one—the facts being undis-

puted—culminating in rejection of appellants' objection and decreeing partition.

■■ In this state statutory authorization for partitioning real estate is found in 12 O.S.1971 § 1501.[1] Decisionally it is established such action is one of equitable cognizance. De Mik v. Cargill, Okl., 485 P.2d 229 (1971). Generally speaking the law favors partitioning land of plural undivided ownership and, in appropriate circumstances, the right of a co-tenant to partition is absolute. Keel v. Keel, Okl., 475 P.2d 393 (1970); Chesmore v. Chesmore, Okl., 484 P.2d 516 (1971).

■■ Various circumstances have from time to time been recognized as rendering partition inappropriate. For instance inequitable hardship and oppression may defeat the action. De Mik v. Cargill, supra; Hassell v. Workman, Okl., 260 P.2d 1081 (1953). Partition of homestead interest jointly vested in a husband and wife is prohibited. Pettis v. Johnston, 78 Okl. 277, 190 P. 681 (1920). A tenant in common may by implied contract be estopped from enforcing his right to partition when to do so would defeat the purpose for which he and his co-tenants acquired the property. McInteer v. Gillespie, 31 Okl. 644, 122 P. 184, 1913E Ann.Cas. 400 (1912). Denial of partition is also justified if to do so would make partition an instrument of fraud or oppression. Colonial Royalties Co. v. Hinds, 202 Okl. 660, 216 P.2d 958 (1948); Wolfe v. Stanford, 179 Okl. 27, 64 P.2d 335 (1937).

These principles appear to correspond to those accepted elsewhere.

■■ Another defense to partition which has been recognized in several jurisdictions for many years is really an extension of the one approved in McInteer v. Gillespie, supra, namely: "Equity will not award partition in the suit of one in violation of his own agreement, or in violation of a condition or restriction imposed upon the estate by one through whom he claims." Voellinger v. Kirchner, 314 Ill. 398, 145 N.E. 638 (1924). Or, more pertinently put, a court of equity will decline to decree partition if to do so contravenes a condition or restriction imposed on the estate by will or deed of the one through whom the person seeking partition claims. Myers v. Brane, 115 Ind.App. 144, 57 N.E.2d 594 (1944); Harris v. Harris, 138 Or. 243, 6 P.2d 230, 85 A.L.R. 1318 (1931).

■ Testamentary provisions prohibiting sale or division of property for a reasonable time have on the basis of the foregoing equitable principle been enforced as a defense to partition actions. Highfill v. Konnerman, 241 Ky. 282, 43 S.W.2d 657 (1931); Peterson v. Damoude, 98 Neb. 370, 152 N.W. 786, 14 A.L.R. 1238 (1915); Elberts v. Elberts, 159 Iowa 332, 141 N.W. 57 (1913); Dee v. Dee, 212 Ill. 338, 72 N. E. 429 (1904); Greene v. Greene, 125 N.Y. 506, 26 N.E. 739, 21 Am.St.Rep. 743 (1891). The principle aims at carrying out the testator's intent when possible, hence applies with equal force where the estate is subject to a valid trust forbidding sale or other disposition of the corpus for a time or where the purpose of the trust would be defeated by such transfer. Green v. Gawne, 382 Ill. 363, 47 N.E.2d 86 (1943); Brockman v. St. Louis Union Trust Co., Mo.App., 44 S.W.2d 877 (1932).

Therefore since the testator's will we must fulfill and since he clearly expressed an intention to prohibit sale of the undivided interest in subject land devised to his trustee until August 25, 1977, it follows that partitioning of the 80 acres must be denied because to do otherwise would require a sale of the trust interest—a result repugnant to Earl A. Rodkey's last will.

The decree below is reversed and judgment is hereby entered denying Ada S. Rodkey's petition for partition.

NEPTUNE and BACON, JJ., concur.

---

1. It reads simply: "When the object of the action is to effect a partition of real property, the petition must describe the property and the respective interests of the owners thereof, if known."