Carl McKINNEY, Linda McKinney, Linda McKenzie, Thomas McKenzie, Ann Naylor and George Naylor, Appellants,

v.

Alberta McKINNEY, Individually, and Alberta McKinney, as Executrix of the Wilburn J. McKinney Estate, Appellees.

No. 93–CA–000342–MR.

Court of Appeals of Kentucky.

Oct. 14, 1994.

Rehearing Denied Dec. 9, 1994.

Robert Lee Rose, Winchester, for appellant.

Charles T. Walters, Winchester, for appellee.

Before LESTER, C.J., and HUDDLESTON and SCHRODER, JJ.

SCHRODER, Judge:

This appeal requires an interpretation of KRS 389A.030, the statutory right of partition for concurrent owners and a devise of estates and future interests in land.

The testator, Wilburn J. McKinney, devised his 226 acre farm in Clark County to his wife, "[f]or and during her natural life, and so long as she remains my widow ... or remarriage, whichever first occurs, ..." with a remainder in fee to his three children. His wife, Alberta McKinney, was also appointed executrix. The executrix petitioned for and received an order of sale pursuant to KRS 389A.030. The order was made final before the sale and distribution. The remaindermen and their spouses objected to the sale and this appeal followed.

A text book description[1] of the widow's estate would be a devise of a possessory freehold estate, a life estate on executory limitation. The three children were de-

---

1. *See generally,* Bergin & Haskell, *Preface To Estates In Land and Future Interests,* The Foundation Press, Inc. (1966).

vised not only a vested remainder in fee simple, but additionally, a shifting executory interest in the widow's life estate (like a contingent remainder). At common law, a life tenant could not partition the estate of a reversioner or remainderman. In Kentucky, however, the General Assembly enacted KRS 389A.030, which allows a devisee to join all parties to the fee simple absolute and partition the property either through a physical partition or by selling the property through court and dividing up the proceeds according to each party's interest. This right of partition *may* be stopped *if* a party objects *and* the court finds this procedure would defeat the purpose of the testator in creating such estates. We say a partition *may* be stopped because even if both elements are found to exist by the court, it can still review the evidence to see if partition is still desirable and order either a sale or division with the proceeds distributed accordingly. *See Weddle v. Weddle*, Ky., 280 S.W.2d 509 (1955), for an earlier review of the right to partition.

■ The right to partition described in KRS 389A.030 is separate and distinct from a power of sale contained in a will. The case of *Lucas v. Mannering*, Ky.App., 745 S.W.2d 654 (1987), cited by appellants, was decided by this Court after the enactment of KRS 389A.030, but without any consideration of said statute. That case dealt solely with the exercise of a power of sale. Even though the case sub judice contains a power of sale in the last will, the circuit court relied solely on KRS 389A.030 for its authority to order said sale.

■ Appellants argue that the trial court erred in ordering the partition sale pursuant to KRS 389A.030 because such a sale may defeat the objectives of the testator. We agree that the testator's goals in creating different estates in the land may be frustrated with a partition. However, that is *not* a sufficient reason to halt the sale under the statute. *See Gill v. Phelps*, 313 Ky. 217, 230 S.W.2d 892 (1950) as to a prior version of partition. KRS 389A.030 instructs the court to consider the beneficiaries' desire of the partition where the testator's purpose would be defeated. The statute does consider the testator's purpose, but uses that as a guide for distribution (KRS 389A.030(6)), not as a consideration for denying the partition. In the case sub judice, the court considered the benefits of the partition by sale and made findings thereon. We cannot say the trial court clearly erred (CR 52.01) in finding that the partition by sale would be more desirable for the testator's widow than denying such for a farm in run-down condition. *See Kelly v. Marr*, 299 Ky. 447, 185 S.W.2d 945 (1945). In the scheme of things, the children/remaindermen may have received a less desirable result, but their argument under the partition statute is to seek an equitable distribution of the funds according to their interests, *or* seek an order directing that the funds be paid to a trustee and invested with the income payable to the life tenant so long as she is alive and for so long as she does not remarry. *Walsh v. Parr's Executor and Trustee*, 33 K.L.R. 242, 110 S.W. 300 (1908); *Divine v. Divine*, 305 Ky. 486, 204 S.W.2d 804 (1947). Upon the happening of either death or remarriage, the remaindermen (also holders of the executory interest) would be entitled to distribution of the principal. *See* KRS 389A.030(6); *Malone v. Jamison*, 312 Ky. 249, 227 S.W.2d 179 (1950).

For the foregoing reasons, the judgment of the Clark Circuit Court is affirmed except for that part which held that the widow receive a life estate absolute. As to the widow's interest, we reverse in part and remand to the circuit court with directions to classify the widow's interest as a life estate on executory limitation with the executory interest in the remaindermen.

All concur.